VERNON F. BURNS AND ADELAIDE J. BURNS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burns v. Commissioner
Docket No. 1989-93
United States Tax Court
T.C. Memo 1994-284; 1994 Tax Ct. Memo LEXIS 287; 67 T.C.M. (CCH) 3116; 65 Fair Empl. Prac. Cas. (BNA) 536; June 21, 1994, Filed *287 Decision will be entered under Rule 155. For petitioners: Robert V. McCreary. For respondent: Dennis M. Kelly. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in and additions to petitioners' 1990 Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6662(a)
1990
$ 71,707.90
$ 14,208.24
$ 14,124.18
After concessions, the issues for our decision are: (1) Whether amounts awarded to petitioners as a result of a suit brought against a former employer under the Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. 90-202, 81 Stat. 602 (current version at 29 U.S.C. secs. 621-634 (1988)), are excludable from gross income under section 104(a)(2). We hold that amounts received for back pay and liquidated damages are excludable, while amounts received as interest are not. (2) Whether petitioners are liable for an addition to tax under section 6651(a)(1). We hold that they are not. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and *288 Procedure, unless otherwise indicated. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioners resided in LaMarque, Texas, at the time the petition herein was filed. In 1985, Vernon F. Burns (petitioner) was terminated from his job as a janitorial foreman at Texas City Refining, Inc., where he had worked for 25 years. On September 26, 1986, petitioner filed a complaint against his former employer for age discrimination under ADEA in the United States District Court for the Southern District of Texas, Galveston Division. The case was tried before a jury in August 1988. On November 7, 1988, the District Court awarded petitioner back wages and employee benefits of $ 94,417.46, liquidated damages of $ 94,917.96 (amended to $ 94,417.46 on appeal), and prejudgment and postjudgment interest payable at an annual rate of 8.04 percent. The sole legal basis upon which the lawsuit was decided was petitioner's claim under ADEA. The District Court's judgment was affirmed on appeal, although the prejudgment interest was limited by the Court of Appeals for the Fifth Circuit to the interest with respect to only back wages and employee benefits *289 awarded. Burns v. Texas City Refining, Inc., 890 F.2d 747 (5th Cir. 1989). On June 15, 1990, petitioner received a check for $ 242,227.54, which was composed of the following: $ 94,417.46
back wages
$ 94,417.46
liquidated damages
$ 27,197.46
prejudgment interest
$ 26,195.16
postjudgment interest
$ 242,227.54
Robert V. Jones, Jr. (Jones), an accountant, had prepared petitioners' income tax returns for approximately 10 years. Petitioners are of limited formal education, advanced years, and in poor health such that they had come to rely completely on Jones to prepare their returns, file extensions when necessary, and deliver to them the returns for timely filing. Jones' office was in Houston, some 50-60 miles from La Marque. Each year he visited petitioners' home to collect the necessary information and then delivered to them the prepared return. All of petitioners' returns prepared by Jones for years prior to 1990 had been timely filed. Jones timely filed a Form 4668 to extend automatically the time to file petitioners' 1990 Form 1040 to August 15, 1991, because petitioner was waiting to receive a Form 1099. No requests for additional *290 extensions of time to file were filed by Jones or petitioners. Jones finished preparing petitioners' 1990 Federal income tax return and signed it on August 2, 1991. Jones attempted to deliver petitioners' return to them before August 15, 1991, but was unable to make contact to arrange an appointment. Jones was not particularly concerned about filing petitioners' return because, by his calculations as reflected on the Form 4668, petitioners were due a refund for 1990. Neither Jones nor petitioners recall when Jones actually delivered the prepared 1990 Form 1040 to petitioners. It was petitioners' habit to sign and mail the prepared return as soon as Jones delivered it to them. Petitioners' 1990 Federal income tax return was signed by them on November 19, 1991, postmarked November 20, 1991, and received by the Austin Service Center on November 22, 1991. Petitioners did not report the $ 242,227.54 award received on their Form 1040 for 1990. Petitioners have conceded that the postjudgment interest in the amount of $ 26,195.16 is includable in their 1990 gross income. OPINION ADEA Award
Section 104(a)(2) provides that gross income does not include the amount of any damages *291 received on account of personal injuries or sickness. It is now established in this Court that damages based on back pay and liquidated damages received on account of a claim of discrimination under the ADEA are excludable from gross income under section 104(a)(2). Downey v. Commissioner, 97 T.C. 150 (1991), supplemented by 100 T.C. 634 (1993); Fite v. Commissioner, T.C. Memo. 1994-186; Fite v. Commissioner, T.C. Memo. 1993-594; Keller v. Commissioner, T.C. Memo. 1991-373; see also Pistillo v. Commissioner, 912 F.2d 145, 149-150 (6th Cir. 1990), revg. and remanding T.C. Memo. 1989-329; Rickel v. Commissioner, 900 F.2d 655, 661-664 (3d Cir. 1990), affg. in part and revg. in part 92 T.C. 510 (1989) (overruled by Downey v. Commissioner, 97 T.C. 150, 168 (1991). We will not reach a different conclusion in this case. We note that respondent has appealed adverse decisions on the issue of whether *292 DEA recoveries are excludable from gross income to the Courts of Appeals for the Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits. See Schleier v. Commissioner, docket No. 22909-90, a Decision of this Court dated August 31, 1993, on appeal (5th Cir., Nov. 24, 1993); Downey v. Commissioner, supra, on appeal (7th Cir., Nov. 17, 1993); Keller v. Commissioner, supra, on appeal (9th Cir., Nov. 20, 1992); Gates v. Commissioner, docket No. 17889-90, a Decision of this Court dated August 31, 1993, on appeal (10th Cir., Nov. 24, 1993); and Estate of Hillelson v. Commissioner, docket No. 11464-90, a Decision of this Court dated August 31, 1993, on appeal (11th Cir., Nov. 24, 1993). An appeal in this case would lie to the Court of Appeals for the Fifth Circuit. We will follow this Court's position that damages awarded under ADEA claims are excludable from gross income under section 104(a)(2), until such time as the various courts of appeals, in general, and the Court of Appeals for the Fifth Circuit, in particular, have spoken. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). *293 Respondent has requested an en banc hearing in Schleier v. Commissioner, supra, due to statements made in Purcell v. Sequin State Bank and Trust Co., 999 F.2d 950, 961 (5th Cir. 1993) (noting with approval our holding in Downey v. Commissioner, 100 T.C. 150 (1993)). We conclude that amounts recovered by petitioner under ADEA for back pay and liquidated damages are excludable from income under section 104(a)(2). We now turn to the question of taxability of the $ 27,197.46 of prejudgment interest compensating petitioners for the delay in receipt of the damages for unpaid wages for the period commencing with petitioner's termination of employment to the date of the final judgment. Petitioners have conceded that the postjudgment interest in the amount of $ 26,195.16 is includable in income. Interest is generally includable in gross income under section 61(a)(4). We decided in Kovacs v. Commissioner, 100 T.C. 124, 128-130 (1993), affd.    F.3d     (6th Cir., June 9, 1994), that the term "damages" in section 104(a)(2) does not include interest paid on personal injuries awards. *294 We follow Kovacs v. Commissioner, supra, and conclude that the prejudgment interest of $ 27,197.46 received by petitioners is not excludable from their income under section 104(a)(2). Addition to Tax
Respondent determined that petitioners are liable for an addition to tax under section 6651(a)(1) which provides for an addition of 5 percent of the tax for each month during which the failure continues, not exceeding 25 percent in the aggregate, unless it is shown that a failure to file any return on its due date is due to reasonable cause and not due to willful neglect. Respondent concedes that petitioners' failure to timely file their 1990 return was not due to willful neglect. Petitioners bear the burden of proving that the failure to timely file was due to reasonable cause. Rule 142(a); Richardson v. Commissioner, 72 T.C. 818, 826 (1979). Petitioners testified that due to their limited education, advancement in years, and declining health, they completely relied upon their return preparer, Jones, to deliver their prepared return to them for timely filing. In United States v. Boyle, 469 U.S. 241, 248 n.6 (1985), *295 the Supreme Court expressly left open the issue of whether reasonable cause is established when a taxpayer relies on an agent because the taxpayer is incapable of meeting the criteria of ordinary business care and prudence. The question of whether elements that constitute "reasonable cause" for such reliance are present in a particular case is a question of fact. Id. at 249 n.8. We find the elements in this case sufficient to establish that there was reasonable cause for the delay in filing petitioners' 1990 return. We therefore conclude that petitioners are not liable for the addition to tax under section 6651(a)(1). Accordingly, Decision will be entered under Rule 155.