Mary BRABSON, et al., Plaintiffs–
Appellees,

v.

UNITED STATES of America,
Defendant–Appellant.

No. 94–1591.

United States Court of Appeals,
Tenth Circuit.

Jan. 11, 1996.

Kenneth W. Rosenberg, Attorney, Tax Division, Department of Justice (Ann B. Dur-ney, Attorney, Department of Justice, with him on brief), Washington, DC, for Defendant–Appellant.

W. Thomas Beltz (H. William Mahaffey with him on the brief, of Rothgerber, Appel, Powers & Johnson), Colorado Springs, Colorado, for Plaintiffs–Appellees.

Before SEYMOUR, COFFIN [1] and McKAY, Circuit Judges.

COFFIN, Senior Circuit Judge.

In this case, we must determine whether statutorily mandated prejudgment interest awarded in a personal injury suit is "damages received ... on account of personal injuries or sickness" within the meaning of § 104(a)(2) of the Internal Revenue Code. The district court, on the United States' motion to dismiss, found for the taxpayer-appellees, Mary, Helen, and William Brabson (collectively the "Taxpayers" or "Brabsons"), and held that under Colorado law, prejudgment interest is an element of compensatory damages excludable from income under § 104(a)(2). *See Brabson v. United States,* 859 F.Supp. 1360 (D.Colo.1994). We conclude, however, that considerations of federal law require reversal.

## I. BACKGROUND

On July 15, 1981, Mary Brabson and her children, Helen and William, were injured in an explosion caused by a gas leak in their home. Mary Brabson, on behalf of herself and her children, sued the City of Colorado Springs, Stratmoor Hills Water District, and Stratmoor Hills Sanitation District. On October 29, 1983, after a jury trial, the court entered judgment for the Brabsons awarding damages for personal and property injuries, and statutory prejudgment interest on this amount dating from the time of the explosion.

The defendants appealed, the Stratmoor Hills parties subsequently settled, and in November 1986, the Colorado Court of Appeals affirmed the judgment. The City of Colorado Springs filed a petition for a writ of

---

1. The Honorable Frank M. Coffin, United States Senior Circuit Judge for the First Circuit, sitting by designation.

certiorari in the Colorado Supreme Court that was initially granted but then, following oral argument on April 25, 1988, denied.

In June 1988, the City of Colorado Springs satisfied the judgment. The Brabsons did not include the amount characterized as prejudgment interest on their 1988 federal income tax returns, and were assessed deficiencies for the excluded amount. After paying the deficiencies, the Brabsons brought suit to recover the amounts paid, plus interest and attorney's fees. The district court found for the Brabsons, holding that prejudgment interest awarded pursuant to Colo.Rev.Stat. § 13–21–101(1) (1979) is an element of damages excludable from income within the meaning of § 104(a)(2) of the Internal Revenue Code. 859 F.Supp. at 1370. This appeal by the government followed.

## II. *DISCUSSION*

The facts are not in dispute. We review *de novo* the legal question of whether prejudgment interest is properly excludable under § 104(a)(2). *See O'Gilvie v. United States,* 66 F.3d 1550, 1555 (10th Cir.1995). We shall review relevant statutory provisions, set out the competing positions as reflected in the caselaw on point, then turn to our own analysis of the issue.

### A. *Introduction*

#### 1. *The Relevant Code Provisions*

■ "Gross income" is defined in § 61(a) of the Internal Revenue Code: "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived." 26 U.S.C. § 61(a). Since its enactment, the "sweeping scope" of this section and its predecessors has been repeatedly emphasized by the Supreme Court. *Commissioner v. Schleier,* —— U.S. ——, ——, 115 S.Ct. 2159, 2163, 132 L.Ed.2d 294 (1995); *O'Gilvie,* 66 F.3d at 1555. Thus, any gain constitutes gross income unless the taxpayer demonstrates that it falls within a specific exemption. *Wesson v. United States,* 48 F.3d 894, 898 (5th Cir.1995); *see Schleier,* —— U.S. at ——, 115 S.Ct. at 2163; *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 430, 75 S.Ct. 473, 476, 99 L.Ed. 483 (1955).

■ The exclusion at issue here, § 104(a) of the Code, provides, in relevant part,

> gross income does not include—
>
> (2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness. . . .

26 U.S.C. § 104(a)(2). In interpreting the breadth of § 104(a)(2), we are guided by the corollary to § 61(a)'s broad construction, the "default rule of statutory interpretation that exclusions from income must be narrowly construed." *Schleier,* —— U.S. at ——, 115 S.Ct. at 2163; *O'Gilvie,* 66 F.3d at 1560.

The tension between §§ 61(a) and 104(a) is the nub of this dispute. The Taxpayers contend that prejudgment interest, as provided for by Colorado law, falls within the specific exclusion of § 104(a)(2). In contrast, the government argues that interest is not an element of § 104(a)(2) damages but rather is expressly defined as income under § 61(a)(4).

#### 2. *Relevant Caselaw*

The parties' contrary positions are a reflection of the cases that have addressed this issue. Beginning with *Kovacs v. Commissioner,* 100 T.C. 124, 1993 WL 46512 (1993), *aff'd without published opinion,* 25 F.3d 1048 (6th Cir.1994), the Tax Court uniformly has held that prejudgment interest is taxable.

*Kovacs* involved the statutory assessment of prejudgment interest under Michigan law on a wrongful death claim. Relying on the principle that "the words of statutes—including revenue acts—should be interpreted where possible in their ordinary, everyday senses," *id.* at 128 (quoting *Crane v. Commissioner,* 331 U.S. 1, 6, 67 S.Ct. 1047, 1051, 91 L.Ed. 1301 (1947)), the court found a clear demarcation between "damages" and "interest" and emphasized that § 104(a)(2) referred only to "damages." In addition, the court stressed the usual practice of taxing interest, noting in particular that it had found no cases that supported the taxpayer's position. Finally, the court noted that its decision was consistent with Michigan law, which clearly distinguished between "damages" and "interest." The Tax Court's sub-

sequent decisions, relying on *Kovacs,* consistently have held that prejudgment interest is taxable, regardless of how the state characterizes its prejudgment statute or whether the final disposition is judgment or settlement. *See Burns v. Commissioner,* 67 T.C.M. (CCH) 3116, 1994 WL 273928 (1994); *Robinson v. Commissioner,* 102 T.C. 116, 126, 1994 WL 26303 (1994), *aff'd in part and rev'd in part,* 70 F.3d 34 (5th Cir.1995); *Delaney v. Commissioner,* 70 T.C.M. (CCH) 353, 1995 WL 468429 (1995); *Forest v. Commissioner,* 70 T.C.M. (CCH) 349, 1995 WL 468428 (1995).

The district court forthrightly attacked the reasoning of *Kovacs. See* 859 F.Supp. at 1366–70. Discarding the "interest is interest" equation as "tautology," *id.* at 1368, the court undertook a thorough analysis of the concept of interest and damages and arrived at a contrary conclusion. The crux of the court's decision was that under Colorado law, prejudgment interest is characterized as damages. *Id.* at 1363–66.[2]

We see merit in each position. As, apparently, this is the first published opinion from a court of appeals reviewing *Kovacs* and its progeny, we embark on a thorough exploration of this difficult question.

### B. *Our Analysis*

■ The task before us is to determine whether prejudgment interest on tort damages is excludable as "damages" under § 104(a)(2). We begin by reviewing the Supreme Court's most recent discussion of the provision in *Schleier,* and then consider the nature of the prejudgment interest award under Colorado law. Having thus set the framework, we reexamine the statutory language, and because we determine that it is ambiguous, we turn to consider legislative intent.

**2.** In support of its theory that the characterization of "interest" as "damages" resolves the tax question, the district court relied primarily on a United States Board of Tax Appeals case, *N.V. Koninklijke Hollandische Lloyd (Royal Holland Lloyd) v. Commissioner,* 34 B.T.A. 830 (1936). *See* 859 F.Supp at 1367–68. We think it is inapposite. *Royal Holland* involved the unlawful detainment by the United States of a foreign vessel in New York Harbor. The foreign owner of the vessel sued the United States government

### 1. *Schleier*

In holding that a plaintiff's recovery under the ADEA is not excludable from gross income under § 104(a)(2), 115 S.Ct. at 2163, the Supreme Court enunciated the proper approach to be followed in applying the provision:

> In sum, the plain language of § 104(a)(2), the text of the applicable regulation [26 C.F.R. § 1.104–1(c)], and our decision in [*U.S. v.*] *Burke* [504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992)] establish two independent requirements that a taxpayer must meet before a recovery may be excluded under § 104(a)(2). First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness."

*Id.* at ——, 115 S.Ct. at 2167.

*Schleier* makes clear that all elements of a damage award received by a taxpayer must satisfy these two prongs. Justice Stevens for the Court described a hypothetical car accident that caused the victim to suffer medical expenses, lost wages, and pain, suffering and emotional distress. The resulting settlement is excludable in full, he explained, not simply because the taxpayer received a tort settlement, but because each element of the tort award was "damages ... received 'on account of injuries or sickness.'" *Id.* at ——, 115 S.Ct. at 2164. In other words, each element of damages was linked to the injury itself.

In this case, there is no dispute that the Taxpayers satisfy the first prong: the award of prejudgment interest was based upon a tort. However, for the Taxpayers to prevail,

and received damages and interest, both of which were held to be excludable from income. However, because Royal Holland was a foreign corporation, the taxability of the interest was governed by § 119(a) of the Revenue Act of 1932. Unlike § 61(a) and its statutory predecessor, § 22(a), § 119(a) did not broadly define income. Rather, "the income shown to be taxed [had to] come strictly within the limits of the statutory requirements." 34 B.T.A. at 834.

they must demonstrate that the interest here is "damages," and further, that recovery of such "damages" was "on account of injuries"—i.e., attributable to the injuries suffered in the explosion. We therefore look to Colorado law to determine how, if at all, it plays a part in deciding these issues.

### 2. Colorado Law

■ We note at the outset that state law determines the nature of the legal interests and rights created by state law, but that the federal tax consequences pertaining to such interests and rights are solely a matter of federal law. See Helvering v. Stuart, 317 U.S. 154, 162, 63 S.Ct. 140, 145, 87 L.Ed. 154 (1942); Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 158–59, 83 L.Ed. 119 (1938); Imel v. United States, 523 F.2d 853, 855 (10th Cir.1975). In O'Gilvie, for example, in discussing whether punitive damages were excludable under § 104(a)(2), we noted that other circuits faced with the same question looked to state law to determine whether punitive damages were compensatory in nature. 66 F.3d at 1556 n. 10. Here, analogously, we look to state law to determine the nature of the payment of prejudgment interest.

The Colorado statute mandating prejudgment interest for personal injury claims provides:

(1) In all actions brought to recover damages for personal injuries sustained[,] ... it is lawful for the plaintiff in the complaint to claim interest on the damages alleged.... When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed ... interest ... calculated from the date such suit was filed to the date of satisfying the judgment....

Colo.Rev.Stat. § 13–21–101(1).[3]

In interpreting the statute, the Colorado Supreme Court has held that "prejudgment interest is an element of compensatory damages in actions for personal injuries, awarded to compensate the plaintiff for the time value of the award eventually obtained against the tortfeasor." Allstate Ins. Co. v. Starke, 797 P.2d 14, 19 (Colo.1990). It is treated as another item of damages, id., which "is necessary to make the plaintiff whole." Seaward Constr. Co. v. Bradley, 817 P.2d 971, 975 (Colo.1991).

The rulings quoted above from Starke and Bradley provoke the strongest arguments on both sides of this debate. The government contends that interest that compensates for the time value of money—whether damages or not—is distinguishable from damages that recompense the underlying injury. The Brabsons counter that any type of damages that serve to compensate an injured person is excludable.

One thing is clear. Under Colorado law, the nature of the prejudgment interest is to compensate the injured victim for the lost time value of money. While Colorado has characterized this compensation as an element of damages, the taxability of this interest is purely a question of federal law. See Imel, 523 F.2d at 855.

Our question has therefore become narrowed. Accepting that prejudgment interest under Colorado law compensates plaintiffs for the lost time value of money, and constitutes an element of damages, we still must determine whether the interest is "damages received ... on account of personal injury" under § 104(a)(2). In short, is compensation for the lost time value of money excludable under § 104(a)(2)?

### 3. Statutory Language
#### a. Section 104(a)(2)

The plain language of the statute provides no guidance on this question. The Taxpayers argue that the word "any" in conjunction with "damages" in § 104(a)(2) clearly "broadens the definition of damages" so that "all elements of damages including interest on a

---

**3.** Another sentence of the subsection provides that "after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date *the action accrued.*" *Id.* (emphasis added). Despite this internal ambiguity, Colorado courts have held that interest is calculated from the date the action accrued. *See* Gregory B. Cairns and John C. Tredennick, Jr., *Collecting Pre- and Post–Judgment Interest in Colorado: A Primer,* 15 Colo. Law. 753, 756–57 (1986).

judgment" are encompassed. The word "any," however, cannot alter the meaning of "damages," and it therefore sheds no light on the issue at hand: whether prejudgment interest *is* "damages ... on account of personal injury."

■ Nor do we find compelling the Tax Court's approach to the language, which is simply to rely on the fact that interest and damages as generally understood and defined were separate concepts.[4] *Kovacs,* 100 T.C. at 129. After all, "compensation for services" as used in § 61(a)(1) of the Code is also definitionally a separate concept from "damages," yet it is undisputed that lost wages are excludable under § 104(a)(2). *See Schleier,* —— U.S. at ——, 115 S.Ct. at 2164. Moreover, labels take us only so far; for federal tax purposes, we focus on substance over form. *See Commissioner v. Court Holding Co.,* 324 U.S. 331, 334, 65 S.Ct. 707, 708, 89 L.Ed. 981 (1945).

### b. *Treasury Regulation 1.104–1(c)*

The regulation promulgated by the Treasury Department under § 104(a)(2) is likewise unhelpful. Regulation 1.104–1(c) provides that "[t]he term 'damages received (whether by suit or agreement)' means an amount received ... through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." 26 C.F.R. § 1.104–1(c). While an award of interest could fall neatly within this definition—it is an "amount received ... through prosecution of a legal suit"—we note that the regulation does not define "on account of personal injuries or sickness." Nor have we read the regulation this broadly. Although punitive damages are clearly a form of "damages" and "an amount received ... through prosecution," we have held that they are not excludable under § 104(a)(2). *See O'Gilvie,* 66 F.3d at 1560.

Having found no answer to our question in the language of § 104(a)(2) and its related regulation, we thus turn to congressional intent.

### 4. *Congressional Intent*

Alone, analysis of the scant legislative history of § 213(b)(6), the statutory predecessor of § 104(a)(2), does not resolve our quandary. Courts have generally read the legislative history as demonstrating Congress' intent to exclude amounts that constitute replacement of losses resulting from injury or sickness. *See Reese v. United States,* 24 F.3d 228, 231 (Fed.Cir.1994); *Wesson,* 48 F.3d at 899; *Hawkins v. United States,* 30 F.3d 1077, 1083 (9th Cir.1994) ("Damages paid for personal injuries are excluded from gross income because they make the taxpayer whole from a previous loss of personal rights—because, in effect, they restore a loss of capital.") (citation and internal quotation marks omitted). Because compensating a plaintiff for the delay in receiving payment also serves to make her whole, *see Monessen Southwestern R. Co. v. Morgan,* 486 U.S. 330, 335, 108 S.Ct. 1837, 1842, 100 L.Ed.2d 349 (1988) (stating the proposition that "[p]rejudgment interest is normally designed to make the plaintiff whole," though finding it unavailable under FELA), Taxpayers argue that it too should be excluded.

While the language of *Reese, Wesson* and *Hawkins* read broadly could support excluding any damages that serve to compensate the plaintiff, these cases were simply distinguishing punitive from compensatory damages in order to justify the taxation of punitives. The conclusion that the legislative history demonstrates that damages, to be excludable, must serve a compensatory purpose does not dispose of the issue here, namely whether every type of sum that might serve a compensatory function falls within the scope of § 104(a)(2).

The legislative history is bereft of any direct evidence that Congress ever considered the tax treatment of prejudgment interest.[5] Therefore, we are left to determine whether a broad or narrow interpretation of § 104(a)(2) is more consistent with congressional intent.

---

**4.** Citing *Webster's Third New International Dictionary* (1986), the Tax Court defined "damages" as the "compensation or satisfaction imposed by law for a wrong or injury," and "interest" as the "price paid for borrowing [i.e., withholding] money." *Id.*

**5.** Taxpayers argue that the 1982 Periodic Payment Settlement Act ("PPSA"), Public L. 97–473,

5. *Factors Militating against the Exclusion of Taxpayers' Award of Prejudgment Interest*

a. *Prejudgment interest is not a traditional remedy for personal injury*

Significantly, we note that in construing § 104(a)(2) in other contexts, the Court has emphasized that traditional tort concepts are relevant to the analysis. *See Burke,* 504 U.S. at 234, 235, 112 S.Ct. at 1870, 1871 (opining that "IRS regulations have linked identification of a personal injury for purposes of § 104(a)(2) to traditional tort principles" and that "one of the hallmarks of traditional tort liability is the availability of a broad range of damages"); *see also Schleier,* — U.S. —, 115 S.Ct. 2159, 2163–64 (considering "typical recovery in a personal injury case [to] illustrate[ ] the usual meaning of 'on account of personal injuries.'"). Although *Burke* was attempting to elucidate the meaning of "personal injury," an issue that is not in dispute in this case, we believe that traditional tort concepts are still relevant, particularly when attempting to discern the meaning of § 104(a)(2) as intended by Congress.

Prejudgment interest was rarely available under the common law, and never for personal injuries.[6] *See Monessen,* 486 U.S. at 337, 108 S.Ct. at 1843 ("In 1908, when Congress enacted the FELA, the common law did not allow prejudgment interest in suits for per-

sonal injury or wrongful death."); 2 Dan B. Dobbs, *Law of Remedies* § 8.4, at 454–55 (Practitioner Treatise Series 1993). The requirement of a liquidated sum, "fixed and known," posed the greatest obstacle towards recovery of such interest. *See* Charles T. McCormick, *Law of Damages* § 54, at 213 (1935).

Thus prejudgment interest, when awarded at all, generally compensated for pecuniary harms, most often easily determinable contractual ones.[7] It is only more recently, pursuant to certain statutes, that prejudgment interest has become recoverable in personal injury suits on nonpecuniary harms. *See* 1 *Law of Remedies* § 3.6(2), at 346–48 (comparing statutes). While the Colorado statute may contemplate a different understanding of the concept of damages, we believe it is contrary to the concept of damages for personal injuries as understood in the Revenue Act of 1918 and maintained ever since. *See Downey v. C.I.R.,* 33 F.3d 836, 840 (7th Cir.1994) (characterizing prejudgment interest as a type of contract remedy). Absent an express signal from Congress, *see Monessen,* 486 U.S. at 339, 108 S.Ct. at 1844, we hesitate to interpret "damages on account of personal injury" as broadly as Taxpayers request.

b. *Schleier*

Moreover, we believe that *Schleier* leads us to the same conclusion. Though not fac-

---

96 Stat. 2605, § 101, evidences legislative intent that time value of money considerations were not to be treated separately under § 104(a)(2). The PPSA amended § 104(a)(2) and provided that a victim of personal injuries who received damages in periodic payments rather than a lump sum could exclude the entire periodic payment from gross income.

We are not persuaded that the PPSA, which applies solely to periodic payments, sheds light on whether Congress intended to exclude prejudgment interest under § 104(a)(2). There is nothing in the act or in the revenue rulings themselves that indicates a general Congressional or administrative position toward the exclusion of prejudgment interest. Indeed, given the difficult task of differentiating interest and damages in the context of periodic payments, it is quite probable that the driving force behind the act was a concern for administrative convenience. *See* Douglas A. Kahn, *Compensatory and Punitive Damages for a Personal Injury: To Tax or Not to Tax?,* 2 Fla.Tax Rev. 327, 345 (1995).

**6.** Section 104(a)(2) has remained virtually unchanged from its predecessor, § 213(b)(6) of the Revenue Act of 1918, ch. 18, 40 Stat. 1057, 1066 (1919). Section 213(b)(6) excluded "[a]mounts received ... as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness." Given that § 104(a)(2) succeeds § 213(b)(6) in form and substance, damages as understood by Congress in 1919 are relevant to our discussion here.

**7.** *See Law of Damages* § 56, at 223–24. In McCormick's opinion, interest should have been allowed in personal injury cases for pecuniary damages such as medical expenditures. *Id.* He noted, however, that "it is generally agreed that juries should not be directed to allow even ·as a matter of discretion, interest upon damages given for pain, suffering, humiliation, and other like nonpecuniary injuries." *Id.* § 57, at 226.

ing this issue, the Court emphasized that there should be a direct link between the injury and the remedial relief. *See* —— U.S. at ——, 115 S.Ct. at 2164 ("Thus, in our automobile hypothetical, the accident causes a personal injury which in turn causes a loss of wages."). In contrast, compensation for the lost time value of money is caused by the delay in attaining judgment. Time becomes the relevant factor, not the injury itself—the longer the procedural delay, the higher the amount. Indeed, often the prejudgment interest award dwarfs the damages award. In short, though it is related to the injury, both in terms of existence and computation, the award of prejudgment interest is not linked to the injury in the same direct way as traditional tort remedies.

#### c. *The default rule*

Lastly, though perhaps most importantly, we are guided by the default rule that "exclusions from income must be narrowly construed." *Schleier*, —— U.S. at ——, 115 S.Ct. at 2163; *O'Gilvie*, 66 F.3d at 1560. Although we think that the taxation of prejudgment interest is consistent with congressional intent, even if "good reasons tug[ged] each way," we would be required to hold that § 104(a)(2) does not exclude Taxpayers' prejudgment interest award from income. *O'Gilvie*, 66 F.3d at 1560 (citation and internal quotation marks omitted).

### C. *Conclusion*

We believe that the Taxpayers' construction, although not irrational, contemplates too broad a reading of the exclusion provision, a step we are unwilling to take. The default rule to construe exclusions narrowly, the nature of prejudgment interest, the Court's recent decision in *Schleier*, and the purpose of § 104(a)(2) as we discern it, all lead us to conclude that the prejudgment interest recovered by Taxpayers does not constitute "damages on account of personal injury" under § 104(a)(2).

*Reversed.*