Chad Anthony CHAMBERLAIN, et al.,

v.

**UNITED STATES of America.**

No. Civ.A. 02–2473.

United States District Court,
E.D. Louisiana.

Sept. 30, 2003.

---

William Alexander Porteous, III, Porteous, Hainkel & Johnson, New Orleans, LA, for Plaintiffs.

John M. Bilheimer, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER & REASONS

FALLON, District Judge.

Before the Court are the parties cross motions for summary judgment which were set for hearing with oral argument on Wednesday, September 3, 2003 at 9:00 a.m. For the following reasons, the plaintiffs' motion for summary judgment is hereby DENIED and the defendant's motion for summary judgment is hereby GRANTED.

## BACKGROUND:

This tax refund suit was brought by Chad Chamberlain through his curators and parents, Wilmer and Beverly Chamberlain. Chad Chamberlain was severely injured while swimming due to the negligence of the State of Louisiana, Department of Transportation and Development. The plaintiffs recovered a substantial judgment against the State. *See Chamberlain v. D.O.T.D.*, 633 So.2d 871 (La.App. 1st Cir.1994). The State paid the plaintiffs $9,253,551.58 in 1994 to satisfy the judgment. When the State paid the judgment, the payment included amounts attributable to prejudgment interest: specifically, $3,513,641.53 attributable to the award to Chad Chamberlain and $278, 100 attributable to the award to Wilmer J. and Beverly LeBlanc Chamberlain. The United States Internal Revenue Service ("IRS") assessed taxes in the amount of $982, 771 for prejudgment interest paid to Chad Chamberlain and $55,268 for prejudgment interest paid to Wilmer and Beverly Chamberlain.

The plaintiffs paid the taxes assessed against the amount of the award attributable to prejudgment interest under protest, reserving the right to seek a refund. Specifically, on November 15, 1996, the plaintiffs paid the IRS $1,134,244.34 on behalf of Chad Chamberlain. Thereafter, on January 28, 1997, they paid the IRS $66,946.43 on their portion of the award.

On November 13, 1998, Wilmer and Beverly Chamberlain sought a refund from the IRS for the amounts paid under protest. In response, they received a certified letter from the IRS on October 31, 2000 informing them that their claims had been fully disallowed and that they had two years within which to bring suit for a refund. Plaintiffs timely filed the instant suit on August 8, 2002 in which they seek a full recovery of the taxes paid to the IRS.

Plaintiffs argue that, under Louisiana law and the civil law in general, prejudgment interest is not defined as income and, thus, is not subject to taxation as such. Rather, plaintiffs aver that under the civil law prejudgment interest is part of the damages resulting from the negligence of a tortfeasor. Pursuant to IRC § 104(a)(2), damages received on account of "personal physical injuries or physical sickness" are exempt from federal taxation. As Louisiana classifies prejudgment interest as damages, the plaintiffs argue that the IRS should recognize this classification under

the principles of federalism and exempt the prejudgment interest from taxation.

The United States argues that it properly characterized the prejudgment interest as taxable income. The government first states that Louisiana law is inapplicable to this case. According to the government, although state law creates legal interests and legal rights, the federal tax consequences of those interests and rights are purely questions of federal law. The government next acknowledges that the tax code contains an exemption for "the amount of any damages ... received ... on account of personal physical injuries or physical sickness." IRC § 104(a)(2). However, according to the government, the prejudgment interest was not received on account of the injuries. Rather, the interest was received on account of the lapse of time between the injuries and the date of payment. As such, the government argues that the prejudgment interest does not fall within the exemption regardless of whether Louisiana law considers it to be part of the damages.

The two issues before the Court are whether and to what extent Louisiana law is applicable to this case and whether prejudgment interest paid on an award for damages in a tort suit is subject to taxation as income under the Internal Revenue Code. The Court will address these issues in turn.

**ANALYSIS:**

**I. Applicability of Louisiana Law**

■ The Court is not persuaded by plaintiffs' arguments regarding the applicability of state law on questions of federal taxation. Notwithstanding the principles of federalism, it is well established that states have the power to create legal interests and legal rights, but do not have the power to dictate the federal tax consequences of those interests and rights. In *Lyeth v. Hoey,* the Supreme Court stated:

In dealing with the meaning and application of an act of Congress enacted in the exercise of its plenary power under the Constitution to tax income and to grant exemptions from that tax, it is the will of Congress which controls, and the expression of its will, in the absence of language evidencing a different purpose, should be interpreted "so as to give a uniform application to a nation-wide scheme of taxation."

*Lyeth v. Hoey,* 305 U.S. 188, 194, 59 S.Ct. 155, 83 L.Ed. 119 (1938) (*citing Burnet v. Harmel* 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199 (1932)). The plaintiffs may be correct that Louisiana deems prejudgment interest to be part of a damages award, but that does not mean that Louisiana's definition or terminology controls the way that such payments are treated under the federal tax laws. Accordingly, the Court finds that Louisiana law does not apply to this matter so far as it involves the application of the federal tax laws.

**II. Applicability of Exemption to Prejudgment Interest**

■ Under the federal tax law, all "accessions to wealth," that is, receipts of income, are taxable unless subject to an exemption. *Martin v. U.S.,* 159 F.3d 932, 934 (5th Cir.1998). Income tax exemptions are narrowly construed. *Wesson v. U.S.* 48 F.3d 894, 898 (5th Cir.1995) (*citing United States v. Centennial Sav. Bank FSB,* 499 U.S. 573, 583, 111 S.Ct. 1512, 1519, 113 L.Ed.2d 608 (1991)). In *Commissioner v. Schleier,* the Supreme Court laid out a two-prong test that a taxpayer must meet before a payment will be nontaxable pursuant to the exemptions set forth in § 104(a)(2). The taxpayer must:

1) demonstrate that the underlying cause of action giving rise to the recovery is based upon a tort or tort type rights; and

2) show that the damages were received on account of personal injuries and sickness.

*Commissioner v. Schleier,* 515 U.S. 323, 336–37, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995). As indicated by the Court's use of the conjunction "and," a taxpayer must satisfy both prongs of the test. *Id.* at 336–37, 115 S.Ct. 2159.

The plaintiffs' causes of action were clearly based on tort-type rights, so they meet the first prong of the test. The issue in this case is whether the prejudgment interest payments were received "on account of," that is, to compensate for, the personal injuries, as required by the second-prong of the test, thereby falling into the exemption. This specific issue has not been addressed by the Fifth Circuit. However, the Fifth Circuit has noted that the exemptions contained in § 104(a)(2) exclude from taxation a narrow class of damages that compensate an individual for some physical injury. *Wesson,* 48 F.3d at 899. Noncompensatory damages, such as punitive damages, are not included in the exemption and are taxable income under the Internal Revenue Code. *Id.*

The circuits that have addressed the issue all hold that prejudgment interest paid on a tort judgment is not compensatory and, thus, is fully taxable. *Francisco v. U.S.,* 267 F.3d 303 (3rd Cir.2001) (finding that delay damages received by plaintiff in personal injury tort action are not exempt from taxation as damages received "on account of" personal injury); *Rozpad v. Commissioner,* 154 F.3d 1 (1st Cir.1998) (holding that prejudgment interest on compensatory award in personal injury action is not damages received "on account of" personal injury and is, therefore, taxable); *Brabson v. U.S.,* 73 F.3d 1040 (10th Cir.1996) (finding that prejudgment interest on tort damages awarded in personal injury suit was not exempt from gross income for purpose of federal taxation).

The rationale in these cases is straightforward and consistent. Both pre- and post-judgment interest is paid on a tort judgment to compensate the injured party for the lost time value of money, not to compensate the injured party further for the injuries. Thus the circuits that have focused on the issue have concluded that both pre- and post-judgment interest is subject to federal tax.

■ The plaintiffs do not contend that post-judgment interest is exempt, only prejudgment interest. However, the Court finds no meaningful distinction between the two under the federal tax laws. Though prejudgment interest is automatically awarded to an injured party in Louisiana pursuant to La.Rev.Stat. Ann. § 13:4203, the interest is still separate and distinct from the damages award and does not hinge on the injury, but, rather, on the passage of time. *See Greer v. Commissioner,* T.C. Memo 2000–25, 2000 WL 37725 (2000) (finding that, under Louisiana law, prejudgment interest on a personal injury claim does not fall within the exemption). That is, the interest component of the overall recovery is compensation for the delay a party may incur in receiving the award for damages.

Plaintiffs point to a number of scholarly opinions regarding treatment of prejudgment interest in Louisiana and under the civil law. While the Court acknowledges the unique legal history of Louisiana and the important contributions of the scholars cited by the plaintiffs, it does not change the treatment of such interest under the federal tax laws. Prejudgment interest may be considered part of damages under Louisiana law, but, nonetheless, it is not received "on account of" personal injuries. Instead, it is received on account of the time delay. Therefore, prejudgment interest is taxable under the Federal Tax Code.

Accordingly:

IT IS ORDERED that the plaintiffs' Motion for Summary Judgment should be and is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's Motion for Summary Judgment is GRANTED as detailed in this Order & Reasons.