T.C. Summary Opinion 2005-123

UNITED STATES TAX COURT

BRYAN D. WATSON, JR., AND ABIGAIL S. PFISTERER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19299-04S.              Filed August 11, 2005.

Bryan B. Watson, Jr., and Abigail S. Pfisterer, pro sese.

<u>Stephen P. Baker</u>, for respondent.

LARO, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Subsequent section references are to the applicable version of the Internal Revenue Code.

Petitioners petitioned the Court to redetermine a $3,901 deficiency in their 2002 Federal income tax. Following petitioners' concessions, we are left to decide whether their 2002 gross income includes $15,672 of prejudgment interest received in a personal injury lawsuit. We hold it does.

## Background

Some facts were stipulated. We incorporate herein by this reference the parties' stipulation of facts and the exhibits submitted therewith. We find the stipulated facts accordingly. Petitioners resided in Alaska when their petition was filed.

Bryan D. Watson, Jr. (Watson), was one of three plaintiffs who filed lawsuits in Alaska Superior Court alleging damages from a single accident that occurred in 1998. Watson alleged in his lawsuit that the defendants had caused him to suffer bodily injury on account of the accident. Watson and the other two plaintiffs settled the lawsuits for $384,219.59. That amount reflected the policy limits of the defendants' insurance policy inclusive of its face value ($300,000), attorney's fees ($37,201.78), and statutorily required prejudgment interest ($47,017.81). The $384,219.59 was reduced to $345,991.47 to reflect subrogation liens and then split equally among the plaintiffs; i.e., $115,330.49 each. Watson received his $115,330.49 in 2002 and did not include any of that amount in his 2002 gross income as reported on petitioners' 2002 joint Federal

income tax return.  Respondent determined that petitioners' 2002 gross income included the portion of the $115,330.49 that was paid as prejudgment interest; i.e., $15,672.

## Discussion

Petitioners argue that the $15,672 is excudable from their gross income under section 104(a)(2).  We disagree.  A taxpayer's receipt of prejudgment interest is not excludable from his or her gross income under section 104(a)(2).  See Chamberlain v. United States, 401 F.3d 335 (5th Cir. 2005); Rozpad v. Commissioner, 154 F.3d 1 (1st Cir. 1998), affg. T.C. Memo. 1997-528; Brabson v. United States, 73 F.3d 1040 (10th Cir. 1996); Bagley v. Commissioner, 105 T.C. 396, 419, affd. 121 F.3d 393 (8th Cir. 1997); Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part and revd. in part on an issue not relevant herein 70 F.3d 34 (5th Cir. 1995); Kovacs v. Commissioner, 100 T.C. 124, 129-130 (1993), affd. per curiam without published opinion 25 F.3d 1048 (6th Cir. 1994).  Such is so even if State law characterizes the interest as compensatory.  See Chamberlain v. United States, supra; see also Quantum Co. Trust v. Commissioner, T.C. Memo. 2000-149 (prejudgment interest awarded under Alaska law).  We sustain respondent's determination.

Decision will be entered
for respondent.