T.C. Summary Opinion 2007-51

UNITED STATES TAX COURT

THOMAS ANDREW AND DIANE KOERNER CAMPBELL, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7830-05S.              Filed March 28, 2007.

Thomas Andrew and Diane Koerner Campbell, pro se.

Scott A. Hovey, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended and in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $701 in petitioners' 2002 Federal income tax. After concessions by petitioners,[2] the issue is whether petitioners are entitled, under section 104(a)(2), to exclude from gross income a payment received by petitioner Diane Koerner Campbell (Mrs. Campbell) from her employer pursuant to an order of the Merit Systems Protection Board.

Petitioners resided in Centreville, Virginia, at the time their petition was filed. This case was submitted fully stipulated under Rule 122.

### Background

In 1990, Mrs. Campbell was employed by the Department of Treasury, Office of Thrift Supervision (OTS), in a supervisory position as a grade 13, Chief, Editorial Services Branch.

In 1990, OTS, in preparation for implementing a new pay-banding system, standardized their then current job descriptions. As part of this standardization, Mrs. Campbell was removed from a supervisory position and assigned to a nonsupervisory position as a "Writer/Editor". As a result of this reclassification, Mrs.

---

[2] Petitioners concede they omitted $878 of interest income from gross income and that they are liable for the additional tax under sec. 72(t) of $54 for an early distribution from a qualified retirement plan.

Campbell was paid under the same grade as individuals she formerly supervised and who were previously paid at a lower grade.

Mrs. Campbell appealed the reclassification of her position to the Merit Systems Protection Board (MSPB). As the sole basis for her appeal, Mrs. Campbell argued that because the reclassification of her position from supervisory to nonsupervisory resulted in a reduction in grade, OTS should have followed the Office of Personnel Management (OPM) reduction-in-force (RIF) procedures contained in 5 C.F.R. pt. 351 (1990), when effecting its reorganization. Mrs. Campbell argued that because OTS did not follow the RIF regulations, the MSPB should vacate the agency action and award her compensatory damages, including lost wages and benefits she would have been entitled to had she retained her position. Mrs. Campbell did not raise any other basis for relief from the adverse agency action with the MSPB.

On February 28, 1994, the MSPB issued a final order (the Order) resolving Mrs. Campbell's dispute with OTS. In the Order, the MSPB found that Mrs. Campbell was demoted as a result of OTS's reclassification of her position and that Mrs. Campbell's demotion constituted an appealable RIF action. The MSPB found that because OTS did not follow the RIF regulations in effecting Mrs. Campbell's demotion, the demotion could not be sustained. Based on these findings, the MSPB ordered OTS to cancel Mrs.

Campbell's demotion and to restore her to her previous position effective December 12, 1990. The MSPB further ordered OTS to issue a check to Mrs. Campbell "for the appropriate amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations".

Prior to the date the Order was issued by the MSPB, Mrs. Campbell transferred employment first to the General Services Administration (GSA) and then to the Federal Deposit Insurance Corporation (FDIC). As a result of these transfers, the Federal Government was required to satisfy its obligations under the Order from separate agency funds. Mrs. Campbell received payments under the Order from OTS, GSA, and the FDIC.

At some point not disclosed in the record, Mrs. Campbell disputed whether payments from the FDIC reflected the total amount the agency was obligated to pay her under the Order. In 2002, the FDIC and Mrs. Campbell agreed that she was due a final payment of $1,446 under the Order. Thereafter, the FDIC issued a check in that amount to Mrs. Campbell and reported the payment to petitioners and respondent on a Form 1099-MISC, Miscellaneous Income. The FDIC did not withhold FICA tax, Federal income tax, or State income tax from the gross amount of the payment.

Petitioners did not include the $1,446 payment from the FDIC in gross income on their timely filed 2002 Form 1040, U.S. Individual Income Tax Return. Respondent determined that the

$1,446 payment from the FDIC should have been included in petitioners' 2002 gross income and increased petitioners' taxable income by that amount to reflect the payment. Petitioners assert the payment, which represents "compensatory damages resulting from the litigation of a constitutional tort (unlawful demotion)", is excludable from gross income under section 104(a)(2).

## Discussion

Section 61 provides that "gross income means all income from whatever source derived". Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Compensation for services is enumerated among the items of income included under section 61, as is interest. Sec. 61(a)(1), (4); secs. 1.61-2(a)(1), 1.61-7(a), Income Tax Regs.

Statutory exclusions from income are matters of legislative grace and are narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995); Mostowy v. United States, 966 F.2d 668, 671 (Fed. Cir. 1992). Further, "exemptions from taxation are not to be implied; they must be unambiguously proved." United States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988). Taxpayers seeking an exclusion from income must demonstrate they are eligible for the

exclusion and bring themselves "within the clear scope of the exclusion." Dobra v. Commissioner, 111 T.C. 339, 349 n.16 (1998).[3]

Section 104(a)(2), as in effect prior to its amendment in 1996,[4] excludes from gross income "any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". Section 1.104-1(c), Income Tax Regs., defines "damages received" as "an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."

For purposes of applying the above statutory and regulatory text, the Supreme Court has established a two-pronged test for ascertaining a taxpayer's eligibility for the section 104(a)(2) exclusion: "First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is 'based upon tort or tort type rights'; and second, the taxpayer must

---

[3] Because we decide the issue in this case without regard to the burden of proof, sec. 7491 is inapplicable.

[4] Sec. 104(a)(2) was amended by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1755, 1838-1839, to exclude only amounts received on account of personal physical injuries or physical sickness. We apply the statute as in effect prior to the amendment because the Order, pursuant to which the payment at issue was made, was issued by the MSPB before Sept. 13, 1995. See id. sec. 1605(d)(2), 110 Stat. 1839.

show that the damages were received 'on account of personal injuries or sickness.'"  Commissioner v. Schleier, supra at 337; see also Hemelt v. United States, 122 F.3d 204, 208 (4th Cir. 1997) (quoting above passage from Schleier as the "basic test * * * for determining whether an award may fairly be characterized as personal injury damages" that fall within the section 104(a)(2) exclusion).[5]

In the instant case, petitioners make a series of arguments to support their assertion that the backpay and interest on the backpay awarded by the MSPB are really an award of damages for a personal injury suffered by Mrs. Campbell as a result of her "unlawful demotion".  Primarily, they argue that, based on United States v. Burke, 504 U.S. 229 (1992), when damages are awarded, a taxpayer need only prove that the underlying claim was based on "tort or tort type rights" for the damages to be excludable under section 104(a)(2).  In such a case, according to petitioners, there is no need for a discussion of whether the requirements of personal injury were met.  Because Mrs. Campbell's "unlawful demotion" was a tort, which petitioners alternatively characterize as a "workplace", an "abuse of process", and a

---

[5]   Interest received on damage awards must be included in gross income under sec. 61, even under circumstances in which the underlying damages are excludable under sec. 104(a)(2).  Rozpad v. Commissioner, 154 F.3d 1 (1st Cir. 1998), affg. T.C. Memo. 1997-528; Brabson v. United States, 73 F.3d 1040 (10th Cir. 1996); Kovacs v. Commissioner, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994).

"public policy" tort, and that tort caused a reduction in pay, all damages received "on account of" that tort by Mrs. Campbell are excludable from income under section 104(a)(2), as it existed pre-1996.

Respondent disputes petitioners' characterization of Mrs. Campbell's demotion without benefit of the RIF regulations as a tort and argues that because the only remedy available to an employee for an agency's violation of the RIF regulations is reinstatement and appropriate backpay, her cause of action against OTS was not based on "tort or tort type rights" under the definition enunciated by the Supreme Court in Commissioner v. Schleier, supra, and United States v. Burke, supra. Respondent further argues that, assuming that Mrs. Campbell's claim against OTS was based on tort or tort type rights, the ordered restoration of her former pay grade coupled with back wages and lost benefits was not awarded on "account of personal injuries or sickness", within the meaning of section 104(a)(2), as interpreted by the Supreme Court.

We agree with respondent that the backpay and the interest on the backpay awarded by the MSPB were not attributable to any personal injuries or sickness suffered by Mrs. Campbell. Because we find that the payment in question was not received by Mrs. Campbell "on account of personal injuries or sickness", as required by section 104(a)(2) and the second prong of the Supreme

Court's test in Commissioner v. Schleier, supra at 337, we need not decide whether the underlying claim giving rise to the award, i.e., OTS's violation of the RIF regulations in effecting Mrs. Campbell's demotion, involved tort or tort type rights.[6]

In deciding whether damages were received "on account of personal injuries or sickness", the Supreme Court has construed section 104(a)(2) to require that a damage award be more than

---

[6] For the sake of completeness, we note that petitioners' contention that, under the Supreme Court's opinion in United States v. Burke, 504 U.S. 229 (1992), a taxpayer need prove only that the claim underlying a damage award was based on "tort or tort type rights" for the award to be excludable under pre-1996 sec. 104(a)(2), was expressly rejected by the Supreme Court in Commissioner v. Schleier, 515 U.S. 323, 336 (1995):

> Second, and more importantly, the holding of Burke is narrower than * * * [the taxpayer] suggests. In Burke, following the framework established in the Internal Revenue Service regulations, we noted that § 104(a)(2) requires a determination whether the underlying action is "based upon tort or tort type rights." * * * In so doing, however, we did not hold that the inquiry into "tort or tort type rights" constituted the beginning and end of the analysis. In particular, though Burke relied on Title VII's failure to qualify as an action based upon tort type rights, we did not intend to eliminate the basic requirement found in both the statute and the regulation that only amounts received "on account of personal injuries or sickness" come within § 104(a)(2)'s exclusion. Thus, though satisfaction of Burke's "tort or tort type" inquiry is a necessary condition for excludability under § 104(a)(2), it is not a sufficient condition. [Fn. ref. omitted.]

Thus, contrary to petitioners' argument, both elements of the Schleier test must be satisfied in order for the sec. 104(a)(2) exclusion to apply. Commissioner v. Schleier, supra at 337; United States v. Burke, supra at 233.

only proximately caused by tortious conduct; it must also be directly causally related to personal injuries.  Commissioner v. Schleier, supra at 329-330; see also O'Gilvie v. United States, 519 U.S. 79 (1996).  In other words, the mere fact that a taxpayer suffers a "personal" injury from a defendant's conduct is insufficient to satisfy the "on account of personal injuries or sickness" test; only recovery that is "attributable to" such personal injury is excludable from gross income.  Commissioner v. Schleier, supra at 330-331.  As interpreted by the Supreme Court, the phrase "on account of" imposes a "stronger causal connection," thereby making section 104(a)(2) "applicable only to those personal injury lawsuit damages that were awarded by reason of, or because of, the personal injuries."  O'Gilvie v. United States, supra at 83.

In the instant case, Mrs. Campbell's only claim against OTS was that OTS did not follow the RIF regulations in effecting her reduction in grade (i.e., her demotion).  On appeal to the MSPB, her requested relief from OTS's violation of the RIF regulations was for OTS's action reclassifying her position to be vacated and for an award of compensatory damages including the lost wages and benefits she would have been entitled to had she retained her original position.  The MSPB agreed with Mrs. Campbell and ordered OTS to cancel Mrs. Campbell's demotion and restore her to her former position effective December 12, 1990, and to issue a

check to Mrs. Campbell for the appropriate amount of backpay and interest on the backpay.  There is no evidence in the record that Mrs. Campbell alleged to OTS or to the MSPB that she suffered any personal injuries or sickness as a result of OTS's violation of the RIF regulations in effecting her demotion, nor is there any evidence that the MSPB awarded her damages attributable to such personal injuries or sickness.  Accordingly, we cannot say that the MSPB awarded Mrs. Campbell backpay and interest thereon "by reason of, or because of, * * * personal injuries."  O'Gilvie v. United States, supra at 83.

We recognize that, in some cases, damages measured by lost wages can satisfy the second prong of the test in Commissioner v. Schleier, supra, because they are awarded "on account of" personal injuries or sickness.  For example, if a taxpayer was out of work for a time as a direct result of injuries, the economic damages received to replace the wages lost during that time would be excludable.  Commissioner v. Schleier, supra at 329-331.  This, however, is not the case for Mrs. Campbell.  The MSPB did not compensate Mrs. Campbell for wages she lost as a result of missing work due to any personal injuries or sickness.  Rather, the award of backpay and interest on backpay ordered by the MSPB replaced the pay and benefits Mrs. Campbell lost due to her demotion without the benefit of the RIF regulations.  As such, the award of backpay and interest on backpay was not

received by Mrs. Campbell on account of personal injuries or sickness within the meaning of section 104(a)(2).

## Conclusion

We hold that the $1,446 payment made by the FDIC to Mrs. Campbell pursuant to the Order is not excludable under section 104(a)(2) and, thus, respondent's determination is sustained. In so holding, we have considered all of petitioners' arguments and, to the extent not discussed above, conclude that they are without merit or are irrelevant.

<u>Decision will be entered</u>

<u>for respondent</u>.