T.C. Memo. 1997-25


UNITED STATES TAX COURT


E. PAULINE BARNES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21856-95.                    Filed January 15, 1997.


Kevin D. Watley, for petitioner.

C. Glenn McLoughlin, for respondent.


MEMORANDUM OPINION


DINAN, Special Trial Judge:   This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $4,219.

After concessions,[2] the sole issue for decision is whether section 104(a)(2) authorizes petitioner to exclude from gross income the amount received in settlement of a claim for wrongful termination of employment.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Bethany, Oklahoma, on the date the petition was filed in this case.

Petitioner worked as a bookkeeper for National Livestock Commission Association (NLCA) from May 22, 1982 until March 30, 1990. On March 29, 1990, petitioner was served with a subpoena to give a deposition in an action involving NLCA. The next day petitioner's employment was terminated. Petitioner received a final paycheck in the amount of $2,203.71 for her previous 2 weeks' work plus 1-month's severance pay. NLCA withheld taxes from this amount.

As a result of the termination of her employment, petitioner suffered the intangible harms of embarrassment, humiliation, and other mental distress. Petitioner contends that her mental

---

[2] The parties agree that the issue of whether part of petitioner's Social Security benefits are taxable is a statutory computation controlled by our decision as to the exclusion of the settlement proceeds.

distress manifested itself in the appearance of precancerous tumors which are being monitored by her doctor.

On November 26, 1990, petitioner filed a wrongful termination action against NLCA alleging the following:

> 5.   As a result of [the] fact that [petitioner] was about to testify against [NLCA] and as a result of [petitioner's] refusal to continue to engage in illegal, unethical and/or improper business practices [NLCA] terminated [petitioner] on March 30, 1990 in contravention of the public policy of the State of Oklahoma and the United States.
>
> 6.   [Petitioner] further alleges that [NLCA]'s actions were intentional, wilful and malicious.  [Petitioner] is entitled to punitive damages.
>
> 7.   [Petitioner] alleges that as a direct result of her termination she has sustained damages for past and future lost wages as well as mental distress.

The petition in the wrongful termination action did not allocate any specific dollar amounts to the alleged damages but rather generally prayed for a judgment "in excess of $10,000.00, together with interest, costs and such other relief as the Court deems just and proper."

Petitioner's claim was settled on February 3, 1992, pursuant to a General Release and Settlement Agreement signed by petitioner and her attorney in that dispute.  Pursuant to this agreement, NLCA paid petitioner $27,000 by check in exchange for her release of all claims.  NLCA did not withhold any taxes from this amount.  Petitioner received a Form 1099-MISC from NLCA showing a prize or award in the amount of $27,000.  On her 1992 Federal income tax return, petitioner excluded this amount from

her gross income.  Respondent determined to the contrary that the proceeds were taxable, and issued a deficiency notice stating so.

Respondent's determinations are presumed correct and petitioner bears the burden of proving the determinations erroneous.  Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) broadly defines gross income as including all income from whatever source derived.  Any exceptions to the inclusion of items of income as gross income must be narrowly construed.  Commissioner v. Schleier, 515 U.S. ___, ___, 115 S.Ct 2159, 2163 (1995);  Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955).

Section 104(a)(2) provides that gross income does not include the amount of any damages received on account of personal injuries or sickness.  The term "damages received" is further defined as an amount received through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution. Sec. 1.104-1(c), Income Tax Regs.  The Supreme Court has interpreted the foregoing statute and regulation as establishing a two-prong test:

> [There are] two independent requirements that a taxpayer must meet before a recovery may be excluded under section 104(a)(2).  First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness."  * * *  [Commissioner v. Schleier, 515 U.S. at ___, 115 S. Ct. at 2167.]

Therefore, we must decide: (1) Whether the wrongful termination claim underlying petitioner's settlement agreement was based upon tort or tort type rights; and (2) whether the damages paid to petitioner in settlement of such claim were received on account of personal injuries or sickness.

We must first decide whether petitioner's settlement agreement was based upon tort or tort type rights. State law controls the nature of the legal interests and rights created by State law, even though the Federal tax consequences pertaining to such interests and rights are solely a matter of Federal law. Commissioner v. Tower, 327 U.S. 280, 288 (1946); Lucas v. Earl, 281 U.S. 111 (1930); Brabson v. United States, 73 F.3d 1040, 1044 (10th Cir. 1996). Accordingly, we look to the law of the State of Oklahoma for guidance as to the nature of petitioner's wrongful termination cause of action.

The Oklahoma Supreme Court first adopted a public policy tort exception to the Oklahoma terminable-at-will employment rule in Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). In discussing the nature of the cause of action the Court was very specific:

> We recognize this new cause of action in tort. It is well settled in Oklahoma a tort may arise in the course of the performance of a contract and that tort may then be the basis for recovery even though it is the contract that creates the relationship between the parties. An employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations. Id. at 28. [Fn. refs. omitted].

In addition, the Court of Appeals for the Tenth Circuit, to which any appeal in this case lies, has consistently adhered to the Oklahoma Supreme Court's recognition of this cause of action as one proceeding in tort. See Dupree v. United Parcel Serv., 956 F.2d 219 (10th Cir. 1992); see also York v. American Tel. & Tel. Co., 95 F.3d 948, 959 (10th Cir. 1996); McKenzie v. Renberg's, Inc., 94 F.3d 1478, 1488 (10th Cir. 1996).

Petitioner clearly satisfies the first requirement of the Schleier test for excluding from gross income damages received pursuant to a lawsuit. The petition filed in the wrongful discharge case alleged that petitioner was terminated in contravention of the public policy of the State of Oklahoma. The settlement proceeds were received in lieu of the prosecution of that action. Since Oklahoma law definitively treats this cause of action for wrongful termination as one proceeding in tort, we hold that petitioner's settlement proceeds were received as damages through a settlement agreement entered into in lieu of prosecution of an action based upon tort or tort type rights.

We must next decide whether the settlement proceeds satisfy the second requirement of the Schleier test that they must be damages received on account of personal injuries or sickness. In cases involving settlements, the critical question is in lieu of what kind of damages was the settlement amount paid? Bagley v. Commissioner, 105 T.C. 396, 406 (1995). As noted above, petitioner bears the burden of proving that respondent's

determination that the settlement proceeds are not damages on account of personal injuries or sickness is erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933).

The first place we look to for a characterization of the proceeds is the settlement agreement itself. See Bagley v. Commissioner, supra at 406. However, the settlement agreement in this case does not provide any indication as to what type of damages the settlement proceeds were paid in lieu of. Rather, the agreement generally refers to a release of all claims which petitioner may have had in connection with the termination of her employment, including all claims asserted in her wrongful termination action.

Where the settlement agreement does not expressly specify an allocation of the proceeds among the various claims, the most important factor in deciding how to allocate the proceeds is what motivated the payor to pay the settlement amount. Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33. In determining the intent of the payor, we may look at the pleadings, jury awards, or any other Court orders or judgments. Miller v. Commissioner, T.C. Memo. 1993-49, supplemented by T.C. Memo. 1993-588, affd. without published opinion 60 F.3d 823 (4th Cir. 1995). Again, these sources do not provide much information. We have no jury award or Court order or judgment in our record. The petition in the wrongful termination case claims damages for mental distress and past and

future lost wages, as well as punitive damages. However, as in the settlement agreement, there is no allocation of monetary damages among the claims. The petition merely claims damages "in excess of $10,000.00".

We must therefore look to the record before us and examine all of the facts and circumstances surrounding the settlement agreement. Stocks v. Commissioner, 98 T.C. 1 (1992). The allocation of the settlement proceeds is a question of fact. Knuckles v. Commissioner, supra at 613. Based upon our examination of the record and upon due consideration, we allocate $13,500 to the mental distress claim and $13,500 to the punitive damages claim for the following reasons.

Petitioner's attorney in the wrongful termination action and settlement, Earl Remmel, testified that during the negotiations with NLCA's defense counsel there was no discussion of past and future lost wages, mental distress, or punitive damages. However, Mr. Remmel further testified that under the circumstances of her termination, petitioner had a strong case for mental distress with the likelihood of punitive damages. He also stated that her opportunity for recovery for future wages was not that good because of her age and health condition. In addition, petitioner had already been paid for the time she worked at NLCA plus 1-month's severance. Although not discussed during settlement negotiations, these factors were no doubt the same ones which motivated NLCA to settle the case.

Having found that the settlement proceeds were attributable to both mental distress and punitive damages, we must now decide whether these types of damages were received on account of personal injuries or sickness.

Respondent argues that our decision is controlled by the Supreme Court's holding in Commissioner v. Schleier, 515 U.S. ___, 115 S. Ct. 2159 (1995). We disagree with respondent's assertion to the extent discussed herein. The specific holding of Schleier was that back pay and liquidated damages recovered under the Age Discrimination in Employment Act (ADEA) are not received on account of personal injuries. Petitioner's case is distinguishable in that it involves settlement proceeds received in lieu of mental distress and punitive damages under Oklahoma's wrongful termination tort cause of action.

In Schleier, the Supreme Court recognized that damages received on account of personal injuries or sickness may encompass recoveries based on intangible as well as tangible harms. Commissioner v. Schleier, 515 U.S. at ___ n.4, 115 S. Ct. at 2164 n.4. Although the Court acknowledged that intangible discrimination harms can constitute personal injuries, it held that the ADEA does not provide for recovery for such harms. Id. at 2165 n.6. We therefore interpret Schleier as allowing the exclusion of damages received for intangible harms such as mental distress where the law governing the underlying action provides for such damages. See Banks v. United States, 81 F.3d 874, 876

(9th Cir. 1996). Oklahoma's wrongful termination tort cause of action provides for such a remedy. Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989).

Petitioner relies upon our decision in McKay v. Commissioner, 102 T.C. 465 (1994), as precedent for characterizing damages arising out of a wrongful discharge claim as personal injuries. However, the Court of Appeals for the Fifth Circuit, in light of Schleier v. Commissioner, supra, vacated our decision in McKay and remanded the case almost 2 months prior to our trial of petitioner's case. McKay v. Commissioner, 84 F.3d 433 (5th Cir. 1996), vacating without published opinion 102 T.C. 465 (1994). The outcome of that case on remand is still pending, and we decline to rely upon it in any fashion.

The Supreme Court recently interpreted the meaning of "on account of" personal injuries in the context of punitive damages awarded in a wrongful death action. In an opinion released after this case was submitted for decision, the Court reasoned that the phrase required a strong causal connection between the injury and the damages received. O'Gilvie v. United States, 519 U.S. ___, 117 S. Ct. 452 (1996). In rejecting the taxpayers' argument that the phrase requires no more than a "but-for" connection between the damages and personal injury, the Court adopted the Commissioner's argument that the phrase required the damages to

be received "by reason of" or "because of" the personal injuries. Id. 117 S. Ct. 452, 454-455.

The Tenth Circuit has also had the opportunity to examine the meaning of the phrase "on account of". Brabson v. United States, 73 F.3d 1040 (10th Cir. 1996); O'Gilvie v. United States, 66 F.3d 1550 (10th Cir. 1995), affd. 519 U.S. ___, 117 S. Ct. 452 (1996). In Brabson, the Tenth Circuit held that an award of prejudgment interest was not directly linked to the underlying personal injury and thus not excludable under section 104(a)(2). Brabson v. United States, 73 F.3d at 1047. Rather, the Court found that compensation received for the lost time value of money is caused by the delay in obtaining judgment. Id. It reasoned that time is the relevant factor in calculating the amount of damages for prejudgment interest, not the injury itself. Id.

Thus the phrase "on account of" requires a strong causal connection between the personal injury sustained and the compensation received. O'Gilvie v. United States, supra; Brabson v. United States, supra at 1046-1047 (citing Schleier, 515 U.S. ___, 115 S. Ct. at 2164). We find that petitioner's mental distress claim satisfies this requirement. Her wrongful termination directly caused her mental distress for which Oklahoma law allows a recovery in tort. The relevant factor for calculating damages for mental distress is the injury itself. Since this type of intangible harm may constitute a personal injury, Commissioner v. Schleier, 515 U.S. at ___ n.4, 115 S. Ct.

at 2164 n.4, we hold that the settlement proceeds allocable to her mental distress claim were received on account of personal injuries and are excludable from gross income by section 104(a)(2).

It has been established, however, that noncompensatory punitive damages are not excludable from gross income under section 104(a)(2). O'Gilvie v. United States, 519 U.S. ___, 117 S. Ct. 452 (1996); Commissioner v. Schleier, 515 U.S. at ___, 115 S. Ct. at 2165; Bagley v. Commissioner, 105 T.C. 396, 416 (1995). At the time of petitioner's claim, Oklahoma law provided that a jury could award punitive damages for the purposes of setting an example and punishing the defendant. Okla. Stat. Ann. tit. 23, sec. 9 (West 1987) (repealed by 1995 Okla. Sess. Laws 287); see Okla. Stat. Ann. tit. 23, sec. 9.1 (West Supp. 1996) for current version. Since Oklahoma law treats punitive damages as noncompensatory, we conclude that the $13,500 of the settlement proceeds that we allocated to punitive damages are not "on account of" petitioner's personal injuries because they were not "designed to compensate" petitioner for such personal injuries. O'Gilvie v. United States, 519 U.S. ___, 117 S. Ct. at 455 (quoting Commissioner v. Schleier, 515 U.S. at ___ n.5, 115 S. Ct. at 2165 n.5 (1995)).

We therefore hold that the punitive damages portion of the settlement proceeds is not excludable from gross income by section 104(a)(2).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.