T.C. Memo. 1997-460


UNITED STATES TAX COURT


FRED HENRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26254-96.                    Filed October 9, 1997.


<u>Robert G. Gargiulo</u>, for petitioner.

<u>Stephen R. Takeuchi</u> and <u>Keith Aqui</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on petitioner's Motion for Summary Judgment.  The issue for decision is whether petitioner is entitled to a judgment that a payment in the amount of $1,623,203 that he received from E.I. du Pont de Nemours & Co., Inc. (Dupont), in 1994 is excludable from his taxable income for that year pursuant to section

104(a)(2).[1]  Because petitioner's motion does not provide a basis

for the disposition of all of the issues in dispute in this case,

petitioner's motion is correctly characterized as a Motion for

Partial Summary Judgment and will be referred to as such herein.

As explained in greater detail below, we shall deny

petitioner's Motion for Partial Summary Judgment on the ground

that the issue raised by the motion is not ripe for summary

adjudication.

Background[2]

During the period 1987 through 1991, petitioner and his then

wife were in the business of growing orchids for sale, operating

under the name Fred Henry's Paradise of Orchids.  Between 1987

and 1991, petitioner applied a product known as Benlate to his

orchids for the intended purpose of preventing and controlling

disease.  Benlate is manufactured by Dupont and marketed by

Universal Enterprises Supply Corp. (Universal).  After petitioner

applied Benlate to his orchids, the orchids gradually showed

signs of severe damage including interference with normal growth

patterns, "chloretic" color, root loss, defoliation, and death of

plants.  As a result of the losses that he suffered from using

---

[1]  Section references are to the Internal Revenue Code, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]  The following is a summary of the relevant facts that do not appear to be in dispute; they are stated solely for the purpose of deciding the pending motion, and they are not findings of fact for this case.  See Rule 1(a); Fed. R. Civ. P. 52(a).

Benlate on his orchids, petitioner was forced out of the orchid business.

On October 8, 1992, petitioner and his wife filed a civil lawsuit against Dupont, Universal, and others in Florida State court. Petitioner's complaint alleges: (1) Petitioner suffered damages as a result of Dupont's negligence in its formulation, manufacturing, and analysis of Benlate; (2) Dupont and Universal are liable under the theory of strict product liability; and (3) Universal is liable to petitioner for breach of warranty. The damages that petitioner allegedly suffered include lost profits, loss of business reputation as an orchid grower, diminution of sales, and a diminution in the value of his nursery due to contamination of the soil.

Petitioner's case against Dupont and Universal was tried before a jury in 1993. During the course of the trial, petitioner's expert testified that petitioner's damages totaled $3,796,118, an amount composed of $3,254,000 in lost inventory and approximately $542,000 representing the amount that petitioner would have earned on $3,254,000 at 8 percent compound interest over the 2-year period that elapsed between the date petitioner terminated his orchid business and the anticipated date of entry of the judgment.

On September 23, 1993, the jury entered its verdict in petitioner's favor finding: (1) Dupont placed Benlate on the market with a defect that was a legal cause of damage to

petitioner; (2) Universal sold Benlate with a defect that was a legal cause of damage to petitioner; and (3) Dupont's negligence was a legal cause of damage to petitioner. The jury further concluded that petitioner was also negligent, assigning 80 percent of responsibility for petitioner's damages to Dupont and Universal and 20 percent of the responsibility to petitioner. The jury listed petitioner's total damages as $3,796,318, an amount that is exactly $200 more than the damages estimated by petitioner's expert at trial.

On September 28, 1993, the trial court entered a final judgment, consistent with the jury's verdict in petitioner's favor, in the amount of $3,037,054.[3] However, on October 4, 1993, Dupont and Universal filed, inter alia, a motion to amend the judgment to reduce the same to account for $200,000 that Dupont previously paid to petitioner with respect to his claims. On December 8, 1993, the trial court granted the above-described motion and entered an amended judgment in petitioner's favor in the amount of $2,837,054.

On December 17, 1993, Dupont and Universal filed a notice of appeal with respect to the amended judgment. On May 31, 1994, petitioner approved and accepted a distribution schedule which

---

[3] The final judgment in the amount of $3,037,054 is 80 percent of the amount of the total damages determined by the jury and reflects the jury's determination respecting the parties' comparative negligence.

reflects a gross recovery from Dupont and Universal in the amount of $2,800,000.

Petitioner did not include the payment that he received from Dupont and Universal in his taxable income for 1994. On September 18, 1996, respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for 1992 and 1994. The most significant adjustment is respondent's determination that petitioner failed to report income in the amount of $1,623,203[4] for 1994 representing the net amount that petitioner received from Dupont and Universal.

Petitioner filed a timely petition for redetermination with the Court contesting the above-described notice of deficiency. As previously discussed, petitioner contends that he is entitled to partial summary judgment that the amount he received from Dupont and Universal in 1994 is excludable from his income pursuant to section 104(a)(2). Respondent objects to petitioner's motion on the ground that material facts remain in dispute.

---

[4] The notice of deficiency does not provide an explanation as to how this amount was computed. The distribution schedule reflects a gross recovery of $2,800,000, less attorney's fees and distributions to third parties. We are unable, however, to reconcile respondent's adjustment with the amounts set forth in the distribution schedule, nor are we required to do so for purposes of this opinion.

This case was called for hearing at the Court's motions session in Washington, D.C. Counsel for both parties appeared at the hearing and presented argument respecting the pending motion.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Section 61 defines gross income to include "all income from whatever source derived". Section 61(a)(4) specifically provides that gross income includes "interest". Section 104(a)(2) provides for the exclusion of "the amount of any damages received

(whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries".  The regulations interpret this language as encompassing damages received "through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution".  Sec. 1.104-1(c), Income Tax Regs.  Statutory interest imposed on tort judgments, however, must be included in gross income under section 61(a)(4), even under circumstances in which the underlying damages are excludable under section 104(a)(2).  Brabson v. United States, 73 F.3d 1040, 1046-1047 (10th Cir. 1996); Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part and revd. in part on another ground 70 F.3d 34 (5th Cir. 1995); Kovacs v. Commissioner, 100 T.C. 124, 128-130 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994).

Respondent's determination in the notice of deficiency that the amount that petitioner received from Dupont constitutes taxable income is presumptively correct, and petitioner has the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  In order to satisfy his burden of proof, petitioner must demonstrate that the underlying cause of action giving rise to the damages that he received from Dupont is based upon "tort or tort type rights", and that the damages were received "on account of personal injuries or sickness".  Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995).

Petitioner contends that he has satisfied his burden of proof under section 104(a)(2) by demonstrating that the damages that he was awarded against Dupont and Universal arose from negligent conduct, a tort, and that the damages were paid on account of a personal injury; i.e., the harm to petitioner's professional reputation as an orchid grower.

Respondent counters that material facts remain in dispute. Specifically, respondent contends that the record reflects that petitioner received the payment in question by way of a settlement as opposed to the State court judgment. In conjunction with this argument, respondent contends that petitioner has failed to show that the payment was made to compensate petitioner for personal injuries.

Based upon our review of the entire record, we are not persuaded that the issue of the applicability of section 104(a)(2) to the Dupont/Universal payment is ripe for summary adjudication. Contrary to petitioner's assertion, a factual inference may be drawn from the record that petitioner received the payment in question pursuant to a settlement with Dupont and Universal. In particular, the record indicates that, after Dupont and Universal filed their appeal, petitioner accepted a gross payment from Dupont and Universal that was approximately $37,054 less than the amount awarded pursuant to the final judgment of the trial court. Assuming for the moment that the Dupont/Universal payment was in fact made pursuant to a

settlement, we would be required to consider any allocation in the settlement agreement and/or the intent of the payors, to determine whether the payment was made on account of personal injuries or sickness.  See Bagley v. Commissioner, 105 T.C. 396, 406-408 (1995), affd. 121 F.3d 393 (8th Cir. 1997).

Petitioner complains that respondent's opposition to petitioner's motion does not comply with Rule 121(d), which requires that supporting and opposing affidavits submitted with respect to a motion for summary judgment shall be made on personal knowledge and that sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith.  Petitioner points out that respondent has submitted an affidavit executed by Gregory Luna, a Dupont legal assistant, that includes a reference to a settlement between petitioner and Dupont, but the settlement document is not attached to the affidavit.  Petitioner is correct that the Luna affidavit is insufficient in this regard.  Nevertheless, respondent did provide the Court with a copy of the Dupont/Universal appeal and a copy of a distribution agreement executed by petitioner that purportedly show that petitioner ultimately received a payment from Dupont and Universal that is less than the amount of the judgment entered by the trial court. These documents suggest that petitioner entered into a settlement with Dupont and Universal.  Counsel for petitioner was unable to definitively state that there was no settlement between

petitioner and Dupont. We are thus left with the uncertainty of whether there was a settlement and the terms of the settlement if there was one. Under the circumstances, we conclude that petitioner is not entitled to summary judgment on the ground that material facts remain in dispute.

Moreover, we would deny petitioner's motion even assuming that petitioner did not enter into a settlement with Dupont and Universal. In particular, we are not satisfied that petitioner has proven that the underlying cause of action giving rise to the jury's verdict in his favor is based exclusively upon "tort or tort type rights", or that the damages were received "on account of personal injuries or sickness". The civil complaint that petitioner filed against Dupont and Universal includes a number of causes of action, including tort type claims as well as a warranty claim. Because the jury's verdict sheet indicates that the jury held for petitioner with respect to his warranty claim against Universal, we are unable to conclude at this time that the underlying cause of action giving rise to the jury award is based exclusively upon tort or tort type rights. Equally important, an inference may be drawn that the disputed payment was not made on account of petitioner's "personal injuries or sickness". Significantly, the amount of damages determined by the jury is remarkably similar to the damage estimate offered by petitioner's expert during the civil trial--a damage estimate that was based on the value of petitioner's lost inventory and

interest on such amount.  Simply put, these aspects of the case raise serious doubts that petitioner is correct in his assertion that the Dupont/Universal payment was made exclusively "on account of personal injuries or sickness".  <u>Commissioner v. Schleier</u>, <u>supra</u> at 336-337.

In his motion, petitioner asked "in the alternative for a determination of material facts not in substantial controversy, and for an order specifying those facts".  As we indicated <u>supra</u> footnote 2, the facts set forth in this opinion are solely for the purpose of deciding the motion.  Nevertheless, it appears from the record that many of the facts are not in dispute, and the Court encourages the parties to stipulate facts to the fullest extent possible.  See Rules 91, 122.

Consistent with the preceding discussion, we shall deny petitioner's Motion for Partial Summary Judgment.

To reflect the foregoing,

<u>An order will be issued</u>

<u>denying petitioner's Motion</u>

<u>for Partial Summary Judgment</u>.
