**Rodell JOHNSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A.01–WY–1107–CB PAC.**

United States District Court, D. Colorado.

July 3, 2002.

Richard Joseph Nolan, R.J. Nolan Law Offices, PC, Littleton, CO, for plaintiff.

August A. Imholtz, III, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BRIMMER, District Judge.

This case involves a disputed income tax refund originally claimed by Plaintiff on his 1999 tax return. The case is now before the Court on Defendant's Motion for Summary Judgment. After reading the briefs, hearing oral argument, and being fully advised of the premises, the Court **FINDS** and **ORDERS** as follows:

### Parties and Jurisdiction

Plaintiff Rodell Johnson is a resident of the state of Colorado. Defendant is the United States of America. Jurisdiction is proper pursuant to 28 U.S.C. § 1346, as this is a civil action against the United States for the recovery of an internal-revenue tax alleged to have been erroneously assessed against the Plaintiff. Venue is proper pursuant to 28 U.S.C. § 1391(e).

### Background

Plaintiff was employed as a guard at a Colorado juvenile correctional institution under the control of the State of Colorado and its Department of Corrections. During the course of his employment, Plaintiff was injured in a confrontation with a juvenile. When Plaintiff could not return to his previous job because of his continuing physical problems, he was fired. Plaintiff brought suit against the State of Colorado under the Americans with Disabilities Act (42 U.S.C. §§ 12101–12213) for failing to accommodate him in his physically injured state, and subsequently discharging him. Plaintiff prevailed on his claim of discrimination and was awarded a verdict in the amounts of: $103,300.00 back pay; $190,100.00 front pay; $50,000.00 emotional distress; $8,304.00 pre-judgment interest; and $70,127.00 attorneys fees and costs. *See* Judgment Order and Verdict Form in *Rodell Johnson v. Colorado Department of Human Services, Division of Youth Services,* (96–CV–3100) attached as Exhibit 3 to Def.'s Mot. for Summ. J.

In 1999, the State of Colorado paid Plaintiff pursuant to the Judgment Order. The state withheld $90,373.00 of that judgment, which it paid to the IRS for federal income taxes. $75,694.00 was applied to Plaintiff's 1999 tax liability on the $293,400.00 front and back pay portions of the judgment. Plaintiff filed his 1999 income tax return on August 9, 2000 which did not claim the front and back pay awards as income, and which claimed that he had overpaid in the amount of $75,694.00. Plaintiff claimed that he was owed this refund pursuant to 26 U.S.C. § 104 [1] as the front and back pay should be considered an "Exemption from income of compensation for physical injuries and damages arising directly therefrom."

Approximately three months later, Plaintiff was informed that his return had been assigned for audit. IRS Auditor Spraggins then contacted Plaintiff for a meeting on December 15, 2000 with regard to the audit. Plaintiff, his accountant, and his attorney met with Spraggins twice. On April 4, 2001, Spraggins informed Plaintiff orally that he was rejecting his refund request. The IRS determined that Plaintiff was not entitled to the refund because the front and back pay awards were not exempt from taxation pursuant to 26 U.S.C. § 104. Plaintiff filed the present suit on June 18, 2001, claiming that since he had not received a formal IRS rejection as dictated by 26 U.S.C. § 6213, he was entitled to sue under 28 U.S.C. §§ 1346(a)(1), 2412 and 26 U.S.C. § 7422. Less than one month after Plaintiff filed suit, he received a refund from the IRS in the amount of $84,211.61, representing the exact amount Plaintiff claimed he had overpaid plus interest.

This Court denied Defendant's motion to dismiss for lack of subject matter jurisdic-

---

1. 26 U.S.C. § 104(a)(2) provides in pertinent part: "Compensation for injuries or sickness. (a) In general. Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include ... (2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness ...."

tion in January, 2002, and instructed Defendant to file its counterclaim, which it has since done. Defendant also filed a motion for summary judgment which is now before the Court. Defendant alleges in its Counterclaim that the IRS accidently and erroneously issued a refund to Plaintiff in the amount of $84,211.61 even though it determined that Plaintiff was not entitled to the refund. Defendant claims that because Plaintiff negotiated the erroneous refund check, Plaintiff now owes Defendant $84,211.61. Defendant claims that the refund was an error because the $293,400.00 front and back pay awarded as a result of Plaintiff's ADA lawsuit was actually taxable income, and not under 26 U.S.C. § 104, as Plaintiff claims.

### Discussion

#### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). The court views the evidence in the light most favorable to the party opposing summary judgment. *Jenkins,* 81 F.3d at 990.

The party moving for summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the nonmoving party's claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to establish the existence of an essential element of the claims on which they bear the burden of proof at trial. *Id.* And "[w]hile the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not ne-

gate the nonmovant's claim." *Jenkins,* 81 F.3d at 990.

To satisfy this burden, the nonmoving party must go beyond the pleadings and designate specific facts to make a showing that there is a genuine issue for trial. *Ford v. West,* 222 F.3d 767, 774 (10th Cir.2000) (quoting *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir.1998)). In order to successfully resist summary judgment, there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward,* 125 F.3d 1341, 1347 (10th Cir.1997).

#### Recovery of a Tax Refund Erroneously Issued

As Plaintiff has already received the refund that he was originally requesting in filing this suit, the still-outstanding issues as Plaintiff states them are: "1) adjudication of reasonable attorney's fees and costs based on the IRS's adherence to a legal position which is not substantially justified and has been unreasonable considering that it took this suit to force them to pay Plaintiff's claim; and 2) Plaintiff's demand that the IRS be ordered to correct its own records, correct records which by law and agreement are transmitted to the State of Colorado, and to correctly report to any jurisdiction and credit reporting entity that Plaintiff is no longer indebted." *See* Plaintiff Johnson's Response to Defendant United States' Motion to Dismiss, p. 3. As Plaintiff's remaining issues depend upon whether or not the refund was in error,

the Court will determine that issue initially, and the determination thereon will render Plaintiff's other arguments moot.

█ 26 U.S.C. § 7405(b) provides: "Refunds otherwise erroneous. Any portion of a tax imposed by this title which has been erroneously refunded ... may be recovered by civil action brought in the name of the United States." To prevail in an action to recover an erroneous refund brought pursuant to Section 7405(b), the government must establish: 1) that a refund was paid to the taxpayers; 2) the amount of the refund; 3) that the government's recovery action was timely; and 4) that the taxpayers were not entitled to the refund which the government seeks to recover. *See United States v. Daum,* 968 F.Supp. 1037, 1041–42 (W.D.Pa.1997), citing *United States v. Commercial National Bank of Peoria,* 874 F.2d 1165, 1169 (7th Cir.1989). In the present case, Plaintiff does not dispute that a refund was issued to him in the amount of $84,211.61. Also, Plaintiff has not disputed the timeliness of Defendant's Counterclaim, though he has made some reference indicating that the "IRS was negligently out of time to insist on compliance with ordinary administrative procedure exhaustion." *See* Plaintiff Johnson's Response to Defendant United States' Motion to Dismiss, p. 3. As the United States filed its Counterclaim approximately six months after the issuance of the refund, this action is timely.[2] Therefore, the only issue in this case is whether Plaintiff was entitled to the refund that he received or whether it was issued in error—this is strictly a question of law which involves the interpretation of 26 U.S.C. § 104(a)(2).

26 U.S.C. § 104(a)(2) provides in pertinent part: "Compensation for injuries or sickness. (a) In general. Except in the

case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include ... (2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness ...." Plaintiff claims that this section excludes from his gross income for 1999 the amounts of front and back pay that he received as part of his Judgment in his ADA suit, as these amounts "aris[e] directly out of his physical injuries while employed by the State of Colorado ... [as these amounts] were a direct measure of his physical injury together with the tort damages which he received for severe emotional distress. Although the plaintiff's case was brought under the parameters of the ADA and common law tort for severe emotional distress, the true core of the case arose directly from Johnson's on-the-job physical injuries absent which he would have had no other claims." *See* Plaintiff Johnson's Response to Defendant United States' Motion to Dismiss, p. 5. Plaintiff misreads the law.

█ Gross income is broadly defined. *Commissioner of Internal Revenue v. Schleier,* 515 U.S. 323, 327–28, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995). "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived." 26 U.S.C. § 61(a). The United States Supreme Court has repeatedly emphasized the "sweeping scope" of this section and its statutory predecessors. *Id.,* citing *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 429, 75 S.Ct. 473, 99 L.Ed. 483 (1955); *United States v.*

---

**2.** 26 U.S.C. § 6532(b) provides in relevant part: "Suits by United States for recovery of erroneous refunds. Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund ...."

*Burke*, 504 U.S. 229, 233, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992); *Helvering v. Clifford*, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788 (1940). Courts give effect to the broad definition of § 61(a) by interpreting statutory exclusions from gross income narrowly. *Burke*, 504 U.S. at 233, 112 S.Ct. 1867.

■ The United States Supreme Court has articulated two independent requirements that must be met in order for a person to exclude amounts from gross income under 26 U.S.C. § 104(a)(2): 1) taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and 2) taxpayer must show that the damages were received on account of personal injuries or sickness. *Schleier*, 515 U.S. at 337, 115 S.Ct. 2159. Since *Schleier*, Congress has amended § 104(a)(2) to impose even further restrictions on excludable income, making the language in the second prong of the *Schleier* test read "personal *physical* injuries or *physical* sickness." 26 U.S.C. § 104(a)(2) (emphasis added).

The first prong of the *Schleier* test requires that the underlying cause of action be based on tort type rights. However, in the present case, both parties focus their argument on the second prong of the *Schleier* test, namely, Plaintiff's claim that his personal physical injuries are the underlying cause of his recovery of back pay and front pay in his ADA suit, and are thus excludable. Thus, as neither party disputes that the ADA could be considered to be based on tort type rights, the Court will assume without deciding that Plaintiff's ADA suit satisfies the first prong of the *Schleier* test. As the ADA offers a broad range of remedies, including compensatory damages, it probably satisfies the test, were that a contested issue in this case. *See Burke*, 504 U.S. at 235, 112 S.Ct. 1867 (Remedial principles figure

prominently in the definition and conceptualization of torts . . . . one of the hallmarks of traditional tort liability is the availability of a broad range of damages to compensate the plaintiff fairly for injuries caused by the violation of his legal rights.), citing *Carey v. Piphus*, 435 U.S. 247, 257, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

■ The second prong of the *Schleier* test focuses on whether or not the damages that a taxpayer received were on account of personal physical injuries or physical sickness. Congress has specifically stated that emotional distress shall not be treated as a physical injury or physical sickness for the purposes of exemption from income. *See* 26 U.S.C. § 104. Plaintiff argues that he was discriminatorily discharged from his job due to physical injuries that he received during the course of his employment duties, giving rise to his recovery of front and back pay under the ADA. Defendant argues that this causal link is too tenuous to support exemption from taxation under § 104(a)(2), and that the actual injury that Plaintiff recovered for was discrimination, which does not qualify as a physical injury for the purposes of § 104(a)(2). The Court agrees with Defendant on both points.

In attempting to define the phrase "on account of," the United States Supreme Court rejected the "but-for" causal connection that Plaintiff is arguing should apply to his case. *O'Gilvie v. United States*, 519 U.S. 79, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996). First, it must be noted that the phrase "on account of" is not amenable to an unambiguous definition. *Id.* at 82, 117 S.Ct. 452. In *O'Gilvie*, the Court rejected the petitioners' argument that only a "but-for" causal connection needed to exist between the damages awarded and the underlying suit:

On one linguistic interpretation of those words, that of petitioners, they require

no more than a "but-for" connection between "any" damages and a lawsuit for personal injuries. They would thereby bring virtually all personal injury lawsuit damages within the scope of the provision, since: "but for the personal injury, there would be no lawsuit, and but for the lawsuit, there would be no damages." On the Government's alternative interpretation, however, those words impose a stronger causal connection, making the provision applicable only to those personal injury lawsuit damages that were awarded by reason of, or because of, the personal injuries.... We agree with the Government's interpretation of the statute. For one thing, its interpretation gives the phrase "on account of" a meaning consistent with the dictionary definition. See, e.g., Webster's Third New International Dictionary 13 (1981) ("for the sake of: by reason of: because of").

*Id.* at 82–83, 117 S.Ct. 452.

In the present case, Plaintiff urges that the Court accept an argument similar to the petitioner's in *O'Gilvie*—namely, but for the physical injuries that Plaintiff sustained during the course of his employment, he would not have been discriminatorily discharged and thus not have received a verdict in his ADA lawsuit. Such a causal connection is too tenuous to support Plaintiff's exclusion of front and back pay under § 104(a)(2). The damages that Plaintiff received were "on account of" discrimination, not "on account of" physical injuries. To find otherwise would be contrary to *O'Gilvie*, as the Court there found that punitive damages were awarded not "on account of" the physical injury suffered, but rather "on account of" "a defendant's reprehensible conduct and the jury's need to punish and to deter it." [3] *Id.* at 83, 117 S.Ct. 452. The Tenth Circuit has also recognized that there must be a closer connection than the "but-for" causation proposed by Plaintiff in interpreting Supreme Court precedent, namely "that the Court emphasized that there should be a direct link between the injury and the remedial relief." *See Brabson v. United States,* 73 F.3d 1040, 1047 (10th Cir.1996)(citing *Schleier,* 515 U.S. at 330, 115 S.Ct. 2159)("Thus, in our automobile hypothetical, the accident causes a personal injury which in turn causes a loss of wages."). Other circuits have also emphasized the importance of this direct causal connection. *See Greer v. United States,* 207 F.3d 322, 334 (6th Cir.2000)(requiring concrete evidence demonstrating the precise causal connection between personal injuries and damages recovered, a showing *Schleier* requires before a court can render a payment excludable); *Fabry v. Commissioner,* 223 F.3d 1261, 1269–70 (11th Cir.2000)(in order to satisfy *Schleier* and qualify for the exclusion, it appears that a cause and effect relationship must be established between the tort, the personal injury resulting, and the amount received).

In the present case, there is no such direct link between the Plaintiff's physical injuries and his ADA recovery. Instead, they are one step removed, with the discriminatory discharge of Plaintiff separating them.[4] Therefore, the Court finds that

---

**3.** Note that § 104(a)(2) was amended by Congress subsequent to this opinion to specifically include punitive damages in taxable income, effectively codifying the Supreme Court's holding in *O'Gilvie.*

**4.** Additionally, it should be noted that (although Plaintiff does not seem to argue this), Congress amended § 104(a)(2) in the Small Business Job Protection Act of 1996 to exclude non-physical injury awards from deserving exclusion from income. As discrimi-

Plaintiff's front and back pay awards are not excludable from his income for 1999 under 26 U.S.C. § 104(a)(2) as he has argued. Therefore, the IRS is entitled to recover the tax refund erroneously made to Plaintiff. As this was a purely legal question and no genuine issue of material fact remains, Defendant's Motion for Summary Judgment is **GRANTED** as to its Counterclaim to Recover Erroneous Tax Refund. Thus, the Court need go no further to address Plaintiff's other concerns, namely that he should receive attorney's fees as Defendant's suit was unjustified, and that Defendant should remove the mark created by his tax default from his credit report—as neither of these issues remain after finding that Plaintiff did in fact owe income tax on his ADA judgment.

### Conclusion

Therefore, for all of the aforementioned reasons, the Court finds that Plaintiff's award of front and back pay pursuant to his ADA judgment are not excludable from his gross income under 26 U.S.C. § 104(a)(2). Defendant's Motion for Summary Judgment as to its Counterclaim to Recover Erroneous Tax Refund is therefore **GRANTED** and Plaintiff's claims shall be **DISMISSED WITH PREJUDICE**. Plaintiff is **HEREBY ORDERED** to repay the erroneous tax refund in the amount of $84,211.61, to the IRS, plus interest accruing at 2.13% from the date that Plaintiff negotiated the refund check (on or about July 16, 2001) through the date of payment of the full amount. Payment shall be made within ten days from the date upon which this judgment becomes final after the thirty day period for notice of appeal expires or, if an appeal is conducted, after the mandate of the Court

of Appeals is filed in this Court after the appeal is concluded.

nation is not a physical injury, Plaintiff's claim would also fail on this basis. *See* 26 U.S.C. § 104 Historical and Statutory Notes, P.L. 104–188 § 1605; *Fabry v. Commissioner*, 223 F.3d 1261, 1262, fn. 1 (11th Cir.

2000)("The amendment provides that damages received on account of a non-physical injury (e.g. age discrimination and injury to reputation) are not excludable from gross income.").