**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODELL JOHNSON,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Counter-
      Claimant-Appellee.

No. 02-1330
(D.C. No. 01-WY-1107-CB (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal we determine whether front and back pay awarded in an employment discrimination suit filed under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, are "damages . . . received . . . on account of personal physical injuries or physical sickness" within the meaning of § 104(a)(2) of the Internal Revenue Code, 26 U.S.C. § 104(a)(2), and therefore excludable from gross income. The district court granted the United States' motion for summary judgment, and held that the front and back pay awarded under the ADA did not meet the "personal physical injuries" exclusion from income under § 104(a)(2). *Johnson v. United States*, 228 F. Supp. 2d 1218, 1223-24 (D. Colo. 2002). The taxpayer, Rodell Johnson, appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. [1]

The relevant facts are not in dispute. Mr. Johnson was employed as a guard at a Colorado juvenile correctional institution under the control of the State of Colorado and its Department of Corrections. He was injured while restraining a juvenile inmate. These injuries precluded him from performing his work as a guard. Instead of accommodating him under the ADA with another job he could perform, the State of Colorado terminated his employment. He sued the State of

---

[1] As an initial matter, we note that neither party has complied with Fed. R. App. P. 30 and 10th Cir. R. 30.1, 30.2 and 10.3. Although "[t]he court need not remedy any failure of counsel to provide an adequate appendix," 10th Cir. R. 30.1(A)(3), we have done so in order to decide this appeal. We remind both parties of their duty to follow this court's rules.

Colorado in state court alleging discrimination under the ADA for failing to accommodate his injuries and for terminating his employment. Based on a jury verdict in Mr. Johnson's favor, the trial court entered judgment awarding him $103,300 for back pay, $190,100 for front pay, $50,000 for emotional distress, pain, suffering and mental anguish, $8,304 for prejudgment interest and $70,127 for attorney's fees and costs. The Colorado Court of Appeals affirmed.

In 1999, the State of Colorado paid Mr. Johnson the ADA damages awarded to him, but withheld federal income tax of $90,373 and paid that money to the Internal Revenue Service (IRS). Of that amount, $75,694 applied to the tax liability on the back and front pay portions of the award. Mr. Johnson claimed a refund on his 1999 tax return for $75,694, plus interest and attorney's fees. He asserted that he received compensatory damages for a work-related injury excludable from taxable income under § 104.

The IRS informed Mr. Johnson that his 1999 tax return had been selected for audit. An IRS auditor orally informed Mr. Johnson that the front and back pay damages were not excludable from income under § 104 and he therefore was not entitled to a refund. When Mr. Johnson received no formal IRS rejection of his refund within six months, he filed suit in federal district court seeking a refund and attorney's fees and costs. *See* 26 U.S.C. §§ 7422(a), 6532(a)(1); 28 U.S.C.

§§ 1346(a)(1), 2412. Less than one month later, the IRS erroneously refunded the contested amount plus interest.

After issuing the refund, the United States moved to dismiss the suit for refund, asserting the district court lacked subject matter jurisdiction because the case was now moot. The district court denied the motion and ordered the United States to file a counterclaim or the court would enter judgment in Mr. Johnson's favor. The United States filed the counterclaim pursuant to 26 U.S.C. § 7405(b) seeking to recover the refund and interest. In the counterclaim, the United States alleged the IRS issued the refund by mistake. The United States later filed a motion for summary judgment, arguing the front and back pay damages sought to compensate Mr. Johnson for his lost wages from his employer's discriminatory act, not for any physical injury, and therefore the damages were not excludable from income. Also, the United States argued the refund was made by mistake and the United States could recover the refund under § 7405(b). The district court granted the summary-judgment motion in a well-reasoned decision. Accordingly, on July 12, 2002, the district court entered judgment in favor of the United States in the amount of the refund plus interest. Mr. Johnson appealed. On July 25, 2002, the United States filed a motion to amend the judgment, seeking to have interest accrue in accordance with 26 U.S.C. §§ 6602, 6621, rather than at the rate

specified in the judgment. The district court granted the motion to amend and amended its judgment.

> We review the district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(e). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citation omitted).

Section 7405(b) permits the United States to recover erroneously paid tax refunds. *See also United States v. Wurts*, 303 U.S. 414, 415 (1938) (recognizing government, by appropriate action, can recover funds its agents erroneously paid). For the United States to recover the alleged erroneous refund, it must show a refund made to the taxpayer, the amount of the refund, the timely commencement of the § 7405(b) recovery action, and no entitlement by the taxpayer to the refund the United States seeks to recover. *See United States v. Daum*, 968 F. Supp. 1037, 1041-42 (W.D. Pa. 1997). Here, it is undisputed that the IRS paid Mr. Johnson the tax refund in the amount he requested and that the United States timely commenced its counterclaim. Thus, the remaining question is whether

Mr. Johnson was entitled to the refund, or, in other words, whether he could exclude the ADA front and back pay award from gross income.

The Internal Revenue Code broadly defines gross income as "all income from whatever source derived." 26 U.S.C. § 61(a). "Thus, any gain constitutes gross income unless the taxpayer demonstrates that it falls within a specific exemption." *Brabson v. United States*, 73 F.3d 1040, 1042 (10th Cir. 1996). Unlike the broad, sweeping inclusion of § 61(a), exclusions from income are narrowly construed. *See Comm'r v. Schleier*, 515 U.S. 323, 327-28 (1995). "[E]xemptions from taxation are not to be implied; they must be unambiguously proved." *United States v. Wells Fargo Bank*, 485 U.S. 351, 354 (1988); *see Taggi v. United States*, 35 F.3d 93, 95 (2d Cir. 1994) (placing burden on taxpayer to show he qualifies for exclusion).

Mr. Johnson argues his ADA front and back pay award is excluded from § 61(a) by § 104(a)(2). Section 104(a)(2) excludes from gross income "the amount of any damages . . . received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." Although the statute does not provide any further definition, the regulations provide that "[t]he term 'damages received . . .' means an amount received . . . through prosecution of a legal suit or action based upon tort or tort

type rights . . . ." 26 C.F.R. § 1.104-1(c). Based on the language of the statute, the text of the regulation and prior case law, the Supreme Court set forth

> two independent requirements that a taxpayer must meet before a recovery may be excluded under § 104(a)(2). First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness."

*Schleier*, 515 U.S. at 337. [2]

The parties did not argue before the district court and do not argue before this court that the front and back pay were not received as part of a tort-like claim. We, like the district court, assume without deciding that Mr. Johnson received the damages under a tort-like claim. *See Johnson*, 228 F. Supp. 2d at 1222 (noting that if it were a contested issue, "the ADA offers a broad range of remedies" that probably satisfy requirement that recovery is based on tort-like claim); *see also Phillips v. Comm'r*, 74 T.C.M. (CCH) 187 (1997) (finding that because ADA provides for broad range of tort-like remedies, taxpayer met first prong and established existence of underlying tort-like cause of action).

Next, we consider whether the damages Mr. Johnson received were "on account of personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2); *see Schleier*, 515 U.S. at 330. Mr. Johnson argues that due to his

---

[2]     Section 104(a)(2) was amended after the *Schleier* decision to require "personal *physical* injuries or *physical* sickness." 26 U.S.C. § 104(a)(2) (emphasis added).

physical injuries he was discriminated against and terminated, and his physical injuries are therefore inextricably intertwined with the discrimination he suffered. Without the physical injuries, he maintains he would have had no basis for an ADA suit.

"[A] causal link must exist between the personal injury and the damages received." *Fabry v. Comm'r*, 223 F.3d 1261, 1266 n.16 (11th Cir. 2000) (citing *Schleier*); *see also Gray v. Comm'r*, 104 F.3d 1226, 1227 (10th Cir. 1997) ("The analysis in *Schleier* did not depend upon the characterization of the damages received, but rather on the Court's conclusion that the damages were not the result of a personal injury."). The causal link Mr. Johnson suggests was rejected by *O'Gilvie v. United States*, 519 U.S. 79, 82-83 (1996). *Id.* (rejecting causal link of "'but for the personal injury, there would be no lawsuit, and but for the lawsuit, there would be no damages'"). Instead, *O'Gilvie* requires a stronger causal connection, whereby § 104(a)(2) applies "only to those personal injury lawsuit damages that were awarded by reason of, or because of, the personal injuries." *O'Gilvie*, 519 U.S. at 83.

Here, the actual cause of the loss of income and the ADA action was the unlawful termination, not the personal physical injury. *See Allred v. Solaray, Inc.*, 971 F. Supp. 1394, 1398 (D. Utah 1997) ("[A] claim of discrimination under the ADA is not a claim for injury to the person, but an injury to his rights or

-8-

reputation."). Although the discrimination caused both injury and loss of wages, the discrimination was not directly linked to Mr. Johnson's personal physical injury. *See Schleier*, 515 U.S. at 330; *Gerbec v. United States*, 164 F.3d 1015, 1022 (6th Cir. 1999) (recognizing in ERISA case that damages were received for firing and personal injury, but personal injury did not give rise to lost wages). We therefore agree with the district court that there is no direct causal link between Mr. Johnson's physical injuries and his front and back pay award under the ADA. *Johnson*, 228 F. Supp. 2d at 1223. "Instead, they are one step removed, with the discriminatory discharge of [Mr. Johnson] separating them." *Id. See generally Broedel v. Comm'r*, 81 T.C.M. (CCH) 1732 (2001) (including in gross income entire amount received in settlement of ADA claim; noting "the fact that the amount [received] was based on the amount [taxpayer] would have received had he continued working another year and a half points in the direction of payment for reasons other than personal injury or sickness"). The amount of back and front pay awarded was independent of Mr. Johnson's personal physical injuries. *See Schleier*, 515 U.S. at 330. Thus, Mr. Johnson received the front and back pay award because of his employer's discriminatory conduct, not "on account of personal physical injury." 26 U.S.C. § 104(a)(2).

Mr. Johnson faults the district court for failing to discuss the facts that he used the ADA as a vehicle to obtain compensation for his physical injuries

because the State of Colorado provided no direct remedy for the injuries and that he did not receive the typical ADA remedy of employment reinstatement. The damages awarded were not "on account of personal physical injuries" merely because Mr. Johnson was not reinstated and sovereign immunity precluded a negligence suit against the State of Colorado. Rather, the damages were paid to compensate him for the wages he lost due to his former employer's discriminatory decision to terminate his employment. They were not paid to compensate him for the injury itself.

Mr. Johnson also argues the front and back pay is excludable from gross income because the Public Employee's Retirement Association of Colorado did not treat them as salary. "[F]ederal tax consequences[, however,] . . . are solely a matter of federal law." *Brabson*, 73 F.3d at 1044 (citing cases). Thus, the State of Colorado's treatment has no relevance to Mr. Johnson's federal tax liability.

Accordingly, we, like the district court, conclude the front and back pay damages awarded to Mr. Johnson do not constitute "damages . . . received . . . on account of personal physical injuries or physical sickness" under § 104(a)(2). Also, we conclude the district court correctly decided the United States was entitled under § 7405(b) to recover the tax refund paid to Mr. Johnson.

Mr. Johnson argues the district court erred in accepting the United States' evidence of his alleged indebtedness when the IRS had not sent him a deficiency

letter.  The IRS had three years to issue a notice of deficiency.  *See* 26 U.S.C. § 6501(a).  Mr. Johnson chose to proceed with his refund suit rather than wait for the notice of deficiency.  He cites no authority, and we did not find any, precluding the IRS from filing a counterclaim before issuing a notice of deficiency.  Indeed, this court recognized in *United States v. C & R Investments, Inc.*, 404 F.2d 314, 315 (10th Cir. 1968), that the IRS may seek recovery from a taxpayer by proceeding under § 7405 or by a deficiency collection proceeding.  Thus, the district court did not err in accepting evidence presented by the United States of his indebtedness despite the IRS's failure, at that time, to have issued a notice of deficiency.

Mr. Johnson contends the United States' motion to amend the trial court's judgment was untimely.  Because he did not file a notice of appeal from the grant of the motion to amend or move to amend his notice of appeal, this court considers only the judgment entered on July 12, 2002.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1031 (10th Cir. 2002) (citing Fed. R. App. P. 4(a)(4)(B)(ii)).  Thus, we have no jurisdiction to review the district court's order granting the motion to amend.  Even if we did have jurisdiction, the United States did file a timely motion to amend.  *See* Fed. R. Civ. P. 59(e), 6(a).

Because we affirm the district court's decision, we need not address Mr. Johnson's argument that that court erred in failing to award him attorney's

fees or interim interest on money withheld by the IRS.  Finally, we reject

Mr. Johnson's remaining arguments as legally meritless.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge